STATE *ex rel.* CARY D. LANDIS, Attorney General, and
MADGE BARNES, *et al.*, v. CITY OF WINTER HAVEN.

154 So. 700.
Opinion Filed March 7, 1934.
Petition of Rehearing Denied May 24, 1934.

*Cary D. Landis,* Attorney General, *Touchton & Crittenden, Solon Mitchell,* and *W. H. Poe,* for Plaintiffs in Error;

*Henry L. Jollay* and *Don Register,* for Defendant in Error.

⚹Per Curiam.—This was a Quo Warranto proceeding in the name of the State *ex rel.* the Attorney General and other relators instituted to test the validity of Chapter 11301, Special Acts of 1925.

The judgment of the Circuit Court was to oust the jurisdiction of the City of Winter Haven from certain parts and parcels of lands over which the City claimed jurisdiction under the provisions of the Act above referred to. To this judgment a writ of error was taken by the relators and writ of error was also taken by the respondents.

One of the questions raised was a challenge to the sufficiency of the title of Chapter 11301, Special Acts of 1925. This Act was approved June 2, 1925.

The Legislature of 1925 passed Chapter 11299 which was approved May 14, 1925. Chapter 11299 bore the following title:

"An Act to Validate and Legalize an Election Held in and for the City of Winter Haven on the 27th Day of November, A. D. 1923; to Validate and Legalize the Charter of the City of Winter Haven, which was adopted by the Electors of said City at said Election Held on the 27th day of November, A. D. 1923; and to Validate and Legalize all Contracts, Municipal Assessments, Ordinances and Resolutions, Appointments and Election of Officers and all other Acts which have been done under and by Virtue of said Charter, and Providing a Form and Method of Government for said City of Winter Haven."

And then it had a preamble as follows:

*"Whereas,* on the 27th day of November, A. D. 1923, in accordance with a call duly issued therefor, an election was held in the City of Winter Haven, pursuant to Chapter 6940 of the Laws of the State of Florida, Acts of 1915, at which election a Charter for the said City of Winter Haven was adopted by the qualified electors of said city, under which said charter officers have been elected and appointed and the Municipal Government of said City has functioned since the First Tuesday in January, 1924; therefore," etc.

A study of the description of the territorial boundaries of the City of Winter Haven as provided in this Act, together with the maps and plats which are submitted here, shows that there was a lack of closure between a point on the West side of Florence Villa town limits and the Southwest corner of the Southeast Quarter of the Northwest Quarter of Section 20. So this description was defective.

The title to Chapter 11301, *supra,* was as follows:

"AN ACT to Establish the Territorial Limits of the City of Winter Haven, Florida; to Abolish the Town of Florence Villa within the Proposed New Corporate Limits of the said City of Winter Haven; to provide for the succession by the City of Winter Haven to the Ownership of all Property and Assets of said Town of Florence Villa and the Liability of said City of Winter Haven for all Debts, Obligations and Franchises of said Town of Florence Villa."

It will be noted that the title of the Act is to establish the territorial limits of the City of Winter Haven, Florida, etc. It appears to us that this title is, and was, misleading.

Section 16 of Article III of our Constitution is as follows:

"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only;

but in such case the Act, as revised, or Section, as amended, shall be re-enacted and published at length."

The title of this Act did not comply with this provision of the Constitution in that it did not express the subject of the Act in the title. Anyone reading the title to the Act would assume that the Act would only extend the territorial boundaries of the City of Winter Haven so as to include therein the territory theretofore contained in the municipality of Florence Villa, which municipality adjoined the City of Winter Haven. There was nothing in the title to advise either members of the Legislature or the public interested in such legislative Act that it was the purpose of that Act to include some Six Thousand acres of orange groves, wild lands and some established subdivisions not adjacent to the City of Winter Haven within the corporate limits of such municipality.

Holding the title of the Act to be insufficient, it is unnecessary for us to discuss other questions which would be necessary for our determination if the title to the Act were valid.

We think that the title of the Act, together with the provisions of the body of the Act, is insufficient to include within the territorial limits of the City of Winter Haven all of that territory which immediately prior to the passage of the Act was included within the territorial limits of Florence Villa, but it was ineffective to include any of that territory beyond the limits of Florence Villa and beyond the limits of the City of Winter Haven as described in Chapter 11299, Acts of 1925.

Accordingly, the judgment should be reversed, with the directions that a judgment of ouster be entered against the respondents as to all territory lying outside of the territory embraced within the City of Winter Haven as established by Chapter 11299 and the territory embraced in the Town

of Florence Villa at the time of this annexation by Chapter 11301.

It is so ordered.

WHITFIELD, TERRELL and BUFORD, J. J., and JOHNSON, Circuit Judge, concur.

DAVIS, C. J., disqualified.

WHITFIELD, J. (concurring).—The Constitution makes the abolishing and establishing of a particular municipality a distinct subject of legislation. With this in view it seems clear that all of the title of the Act except the first clause thereof cannot be regarded as a part of, or properly connected with, the subject expressed in the first clause of the title. And it also seems clear that the first clause of the title to Chapter 11301, Special Acts of 1925, to-wit: "An Act to establish the territorial limits of the City of Winter Haven, Florida," is not a part of, or matter properly connected with the distinct subject expressed in the remainder of the title; so that the first clause of the title above quoted, taken with the other part, would make the title express more than one subject, thereby rendering the entire Act invalid as violating Section 16, Article III, of the Constitution, unless the first clause be interpreted to express a purpose of the Act to be to add to the then territory of the City of Winter Haven, the territory contained in the Town of Florence Villa, thereby making the first clause of the title a proper part of the subject expressed in the remainder of the title.

TERRELL and BUFORD, J. J., and JOHNSON, Circuit Judge, concur.