THE CITY OF WINTER HAVEN, *et al.*, v. A. M. KLEMM & SON, a Corporation.

192 So. 646

Opinion Filed December 12, 1939

*Henry Sinclair,* for Appellants;
*Touchton & Crittenden,* for Appellee.

WHITFIELD, P. J.—A taxpayer brought suit against the city and its officials to enjoin the collection of municipal taxes upon only forty acres of land, the same being a small portion of a large area of rural land from which the jurisdiction of the city had been ousted by a circuit court quo warranto judgment rendered pursuant to the opinion and judgment of this Court on writ of error in State *ex rel.* v. City of Winter Haven, 114 Fla. 199, 154 So. 700. In the cited case it is held that:

"The title" to Chapter 11301, Acts of 1925, "together with

the provisions of the body of the Act, is sufficient to include within the territorial limits of the City of Winter Haven all of that territory which immediately prior to the passage of the Act was included within the territorial limits of Florence Villa, but it was ineffective to include any of that territory beyond the limits of Florence Villa and beyond the limits of the City of Winter Haven as described in Chapter 11299, Acts of 1925.

"Accordingly, the judgment should be reversed, with the directions that a judgment of ouster be entered against the respondents as to all territory lying outside of the territory embraced within the City of Winter Haven as established by Chapter 11299 and the territory embraced in the Town of Florence Villa at the time of this annexation of Chapter 11201.

"It is so ordered."

On the former appeal in this equity suit, City of Winter Haven v. Klemm, 132 Fla. 334, 181 So. 153, 133 Fla. 525, 182 So. 841, it was in effect held that the scope of the quo warranto judgment of ouster of the circuit court rendered pursuant to the opinion and mandate of this Court in State ex rel. v. City of Winter Haven, 114 Fla. 199, 154 So. 700, was confined to the adjudication that the lands directed by this Court in State ex rel. v. City of Winter Haven, 114 Fla. 199, text pages 202-3, to be excluded from the jurisdiction of the City of Winter Haven, were so excluded because the inclusion of the added rural lands in the land descriptions in Chapter 11301, without legally sufficient title to the Act, violated Section 16, Article III, Constitution.

It is also stated in the opinion in the former appeal herein, City of Winter Haven v. Klemm, 132 Fla. 334:

"The bill of complaint seeks relief upon the ground that plaintiff's land was never legally within the city limits, and

not upon the ground that plaintiff's land has not received and cannot receive any possible benefits from the municipality or from its public improvements, as in City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837; State v. City of Avon Park, 108 Fla. 641, 149 So. 409." (Text p. 358.)

"If the lands were and are of such a nature and so located as to make their taxation for municipal purposes violate property rights secured by organic law, or if under the dominant law the lands are not subject to municipal taxation, that may be duly adjudicated in appropriate proceedings in which questions of the powers of the municipality as well as of waiver or estoppel of the land owners may be presented for determination." (Text p. 382.)

On the former appeal herein this Court discussed some principles of *de facto* municipal jurisdiction but did not adjudicate the asserted liability of the illegally added rural lands for municipal operating purposes prior to the judgment of ouster under the appellate decree of this Court in State *ex rel.* v. City of Winter Haven, 114 Fla. 199, 154 So. 700, for the reasons that such question was not adequately presented. Upon proper allegations the facts as to municipal governmental benefits and as to municipal public improvement benefits might be different. Whether there was waiver by the city or acquiescence by the taxpayer was not considered. The former decrees herein were severally reversed and the cause remanded for further appropriate proceedings by due course of law, so that all relevant facts may be shown by appropriate proceedings.

After the cause was remanded to the circuit court, a second amended bill of complaint was permitted to be filed. There were interlocutory proceedings and orders on the second amended bill. Defendants moved to dismiss the second amended bill of complaint on numerous grounds,

mostly challenging in some degree the legal sufficiency of the allegations to authorize the relief prayed. There was also by leave of the court a motion "to strike singly and collectively each and every of the paragraphs of the second amended bill of complaint." The court rendered the following decree:

"ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE.

"The above and foregoing cause came on for hearing on a motion to dismiss the bill of complaint and on motion to strike parts of the bill of complaint, and it appearing that certain amendments to the bill of complaint were allowed at the time of the hearing and that the motions were allowed to stand to the bill as amended and that the defendants were allowed to file a special motion to strike all that portion of the bill of complaint involving all of the taxes described therein which were assessed for bond debt service, the cause was thereupon presented to the Court by the solicitors for the respective parties for adjudication on the motions.

"After considering same, the court came to the conclusion that under the decision of the Supreme Court of Florida, the bill of complaint is without equity as to all those portions of the taxes therein described which were assessed for bond debt service. and that as to those portions of the taxes described in the bill of complaint which were assessed for purposes other than bond debt service, the bill of complaint as finally amended contains equity in that the bill of complaint alleges that said property received no benefits or improvements of any kind from the City of Winter Haven, and that the bill of complaint would be without equity as to the operating taxes themselves, except for the various allegations of lack of benefits which are contained in the amended bill and which are not contained in the original

bill of complaint in which the Supreme Court held there was no equity in its last decision in this case.

"This court has arrived at the foregoing conclusions, based solely on this court's construction of the opinion of the Supreme Court of Florida in its decision heretofore made in this cause, reversing the lower court and holding, among other things, that there was no equity in the bill of complaint.

"WHEREUPON, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion of complainant to dismiss the bill of complaint as finally amended, be and the same is hereby denied for the reason that said motion is general and, as hereinbefore set out, this court considers there is some equity in the bill.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of defendants to strike all of the bill of complaint, insofar as the same may affect or attempt to question the validity and right of enforcement or that portion of the taxes as described in the bill of complaint which are for bond debt service be and the same is hereby granted.

"As to the motion to strike each and all of the paragraphs of the bill of complaint, it appears that it is virtually impossible to segregate the respective paragraphs of the bill of complaint as to which apply to operating taxes and which apply to bond debt service, and for that reason this court has suggested the filing at this time of the general motion to strike all that portion of the bill which concerns or attempts to declare invalid and unenforceable that portion of the taxes therein described which are for bond debt service, and that the said motion so filed at this time should be granted, and that the motion to strike each of the paragraphs be denied for the reason that it is virtually impossible to pass

on same, and grant any portion of same so as to put into effect the opinion of this court.

"It Is Therefore Hereby Ordered, Adjudged and Decreed that the motion of the defendants to strike severally each of the paragraphs in the bill of complaint be and the same is hereby denied and such portions of the said bill as might properly be stricken under the opinion of the court under the said motion to strike severally each of the paragraphs of the bill of complaint, are stricken under this Courts order sustaining the motion to strike generally all portions of the bill of complaint insofar as they affect bond debt service.

"Done and Ordered at Chambers in Lakeland, Florida, this the 26th day of September, A. D. 1938.

"H. C. Petteway, Judge of Circuit Court."

Defendants appealed and assigned as errors the granting of leave to file the second amended bill and the denial of motions to strike portions of, and to dismiss, the bill of complaint. Cross assignments of error were filed.

Among many other allegations that need not be discussed here, the second amended bill of complaint states:

"(11) That the lands of the plaintiff, aforedescribed, are far removed from the Old City of Winter Haven, as established by Chapter 11299, Laws of Florida, 1925, and lie North of the boundaries of the old Town of Florence Villa, which former Town lies between the lands of plaintiff aforedescribed and the City of Winter Haven as established by Chapter 11301; that said lands, by the only accessible route, lie approximately 2½ miles from the center of Winter Haven, are wild lands covered by palmetto bushes, prickly pear and pine trees, have never been platted, and is inaccessible by road except by a sand trail thereto leading off the old Haines City-Winter Haven highway; that said lands

were attempted to be taken into the municipal limits of the City of Winter Haven without the consent of the plaintiff by said unconstitutional Chapter 11301, aforementioned; that said land has received and can receive no municipal benefits from the said City of Winter Haven, and by reason of its location and character, cannot and will not within any reasonable scope of time, be susceptible to any municipal benefits; that no streets have been placed upon or near said lands by said City and said lands lie at the nearest point approximately one-fourth mile from the Haines City-Winter Haven County highway, the nearest paved roadway; that no buildings were upon said lands at the date of the attempted inclusion in the City limits of Winter Haven, and the nearest habitable or usable buildings to said lands are some negro houses situated near the North boundary of the former Town of Florence Villa."

The bill contains the following alternative prayer: "that the court direct that proof be taken by the respective parties herein, upon the issue of whether lands of plaintiff have received or now receive municipal benefits from said The City of Winter Haven."

It has been determined on the former appeal herein that the quo warranto judgment of ouster directed by this Court to be entered under the appellate judgment in State ex rel. v. City of Winter Haven, 114 Fla. 199, 154 So. 700, was and is confined to the ground that Chapter 11301, Acts of 1925, is invalid as to the lands described in the body of the Act which were not included in the limits of the City of Winter Haven and the Town of Florence Villa before Chapter 11301 was enacted. Such invalidity was adjudged by this Court solely on the ground that the title of Chapter 11301 was legally not sufficient to cover the added rural acreage as required by Section 16, Article III, of the Constitution.

The asserted partial invalidity of Chapter 11301 on the ground that the added rural lands were illegally incorporated in the City of Winter Haven under Section 8, Article VIII, of the Constitution because such rural lands were unsuited for and not needed for municipal purposes and were therefore illegally incorporated in the city, was not adjudicated by the appellate judgment of this Court and could not legally be included in the circuit court judgment of ouster rendered by direction of the opinion and judgment of this court in State *ex rel.* v. City of Winter Haven, 114 Fla. 199. See Klemm v. City of Winter Haven, filed this day. See also State *ex rel.* v. Walthall, 124 Fla. 866, 169 So. 552. The sufficiency of the title of an Act is a question of law; in violation of Section 8, Art. VIII involves questions of facts.

It has also been adjudicated that the added rural lands may be subject to *de facto* municipal jurisdiction if appropriate and sufficient facts are duly alleged and proved. See City of Winter Haven v. Klemm, 132 Fla. 334, and authorities cited. On the former appeal the orders were reversed for appropriate proceedings.

It was not error to permit the second amended bill of complaint to be filed. It was then subject to appropriate attack by the defendants.

The chancellor denied the motion to dismiss the bill of complaint because he considers there is some equity in the bill.

The allegations of paragraph 11 of the bill of complaint were not specifically challenged for insufficiency, and when considered with other allegations, are not entirely insufficient to show some equity for appropriate relief upon full proofs. Therefore the motion to dismiss the bill was properly denied.

Where statutes incorporate a municipality and include

therein lands that are afterwards excluded by quo warranto judgment of ouster because they were illegally added to the municipality, but while such lands were *de facto* in the city limits, city bonds for public improvements are issued under a statute requiring all the taxable lands in the city to be taxed to pay such bonds, and some of the public improvements were made within the illegally added area before it was excluded, and the exclusion of such lands would materially impair the *statutory,* obligation and the ability of the city to pay the bonds, and the owners of such excluded lands acquiesced in the incorporation and in the taxation of such lands to proportionately pay such bonds, the courts in appropriate proceedings may adjudicate the application of *de facto* municipal jurisdiction to tax such of the ousted lands as are actually or potentially benefited to pay a fair share of the bonds for such public improvements to the end that right and justice may be administered by due course of law as required by the Constitution, provided such taxation does not violate some controlling provision or principle of law.

In some states the statutes provide that when lands are excluded from the jurisdiction of a municipality, such lands remain liable *pro tanto* for municipal debts incurred while such ousted lands were in the municipality. See Punke v. Village of Elliott, 364 Ill. 604; Gilkey v. Town of How, 105 Wis. 41; Geweke v. Niles, 368 Ill. 463, 14 N. E. (2d) 482, 117 A. L. R. 262, and annotations. See also Bisenius v. Randolph, 82 Neb. 520, 118 N. W. 127. In this State the Constitution expressly provides that when a municipality is abolished provision shall be made for the protection of its creditors. The principle of this provision sustains the doctrine of *de facto* municipal jurisdiction as to taxation to pay debts of the city.

When a statute adds territory to the limits of a municipality, it may provide that such added land shall not be

liable for then existing debts of the municipality.   Hayes v. Walker, 54 Fla. 163, 44 So. 747; Fahs v. Kilgore, 136 Fla. 701, 187 So. 170.

In this case the statute adding lands to the city limits did not exempt the added lands from taxation for existing debts; but the lands in this case are not to be taxed for debts of the city existing when the lands were added.   Taxes are sought to be levied in this case to pay bonds issued after the lands were added; and the charter Act requires bond taxes to be levied on all taxable lands within the city when the bonds were issued.   So the question here is the validity of taxation of land for bonds issued while the lands were in the city by virtue of a presumptively valid statute, under the doctrine of *de facto* municipal jurisdiction, after the judgment ousted the lands from the jurisdiction of the city, upon the theory that the *particular* lands received benefits from the public improvements paid for by the bond proceeds, and the exclusion of the lands, though legal, impaired the ability of the city to pay the bonds.

If the courts decree the application of the doctrine of *de facto* municipal jurisdiction to tax any of the ousted lands, the Constitution requires an equal and uniform rate of ad valorem taxation, but it also requires *just valuation* for taxation purposes; and the administration of right and justice as required by the Constitution may be attained in justly valuing for taxation any of the excluded land that may legally be taxed under the doctrine of *de facto* municipal jurisdiction.

Section 8, Article VIII, contemplates that vacant lands adjacent to improved lands may be incorporated to meet the needs of the municipality for future reasonably expected growth and authorized activities.   But such organic provision does not authorize, but by implication forbids, the incorporation of large areas of rural lands that are not

suited or needed for any lawful municipal purposes. In such cases of greatly excessive rural land incorporation, quo warranto by the Attorney General is the remedy.

Where particular incorporated lands cannot be taxed for municipal purposes without violating organic property rights that have not been lost by waiver or otherwise, injunction is an appropriate remedy to relieve the lands from illegal taxation, not to exclude the lands from the municipality.

When unimproved lands are duly incorporated to meet the reasonable needs of future municipal expansion and authorized activities, the organic property rights of the owners of such unimproved lands may be conserved by *just* valuations of such lands for municipal taxation purposes, as required by Section 1, Article IX, Constitution, when such lands have only potential or contingent value for lawful municipal purposes.

The order denying the motion to dismiss the bill of complaint will be affirmed. The orders made on the motion to strike portions of the bill of complaint will be reversed, because such motion to strike should have been granted only as to the allegations that are contrary to the previous decisions of this Court herein, viz.: as to *de facto* municipal jurisdiction of the *de jure* City of Winter Haven, and also as to the allegations that the judgment of ouster rendered by the Circuit Court under the directions of this Court in the opinion and judgment in State *ex rel.* v. City of Winter Haven, *supra,* was predicated upon any ground other than that Chapter 11301 violated Section 16, Article III, of the Constitution, and for that reason alone the statute was held to be partially invalid and inoperative in so far as the Act embraced lands not covered by its title. The cause will be remanded for appropriate proceedings not inconsistent with the opinions rendered in the cause, upon pleadings and evidence and issues pertinent to the question whether a

decree enjoining taxation of plaintiff's forty acres of land should be rendered, under the doctrine of *de facto* municipal jurisdiction, for proper municipal debt service or for municipal operating expenses prior to the judgment of ouster rendered by the circuit court under the appellate judgment of this Court in State *ex rel.* v. City of Winter Haven, 114 Fla. 199, 154 So. 700.

The proceedings on remand should be limited to issues as to whether the plaintiff's described forty acres of land is so situated and conditioned that it is in equity subject to municipal taxation under *de facto* municipal jurisdiction for either municipal debt service or for operating expenses, or both, under the principles stated in City of Winter Haven v. Klemm, 132 Fla. 334, 181 So. 153; State *ex rel.* v. Town of Boynton Beach, 129 Fla. 528, 177 So. 327; City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837; State *ex rel.* v. City of Avon Park, 108 Fla. 161, 149 So. 409. The taxes in this case were levied for public municipal purposes and not as special assessments for benefits to particular property. Section 8, Article VIII, Constitution, does not contemplate that lands may be taxed for public municipal purposes when they are not needed for any present, potential or reasonably anticipated lawful municipal purpose and cannot receive any benefit whatever in return for taxation for municipal governmental or public improvement purposes. If incorporated areas of wild or rural lands are so excessive and unsuited for lawful municipal purposes as to violate the intendments of Section 8, Article VIII, Constitution, quo warranto may be invoked by the Attorney General. State *ex rel.* v. City of Stuart, 97 Fla. 69, 120 So. 335. If particular lands cannot be taxed for municipal purposes without violating organic property rights and such rights have not been lost by acquiescence, waiver, estoppel or otherwise, injunction may be an appropriate remedy. State v. City of Avon Park, 96

Fla. 494, 118 So. 233; City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837, and cases cited.

As to the application of the doctrine of *de facto* municipal jurisdiction, see City of Winter Haven v. Klemm, 132 Fla. 334, 181 So. 153; State *ex rel.* v. City of Pompano, 136 Fla. 730, 188 So. 610.

For further discussion see Klemm v. City of Winter Haven, filed herewith. As to detachment of lands from a municipality, see annotations in 117 A. L. R. 267. Durham v. Pentucket Groves, Inc., 138 Fla. 386, 189 So. 428, as in entire harmony with the views expressed herein.

The orders appealed from are affirmed in part and reversed in part and the cause is remanded with directions as stated above.

It is so ordered.

Brown, Buford, Chapman and Thomas, J. J., concur.

Chief Justice Terrell not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.