A. M. KLEMM & SON, a Corporation, v. THE CITY OF
WINTER HAVEN, *et al.*

192 So. 652
Opinion Filed December 12, 1939

62

*Touchton & Crittenden,* for Appellant;

*Henry Sinclair,* for Appellee City of Winter Haven, and *W. H. Hamilton,* for Appellee George Andrews.

WHITFIELD, P. J.—This appeal is from a decree dismissing the bill of complaint upon motions of the defendants, and denying a motion to strike parts of the bill of complaint. The plaintiff "elected not to plead further."

Some of the matters presented by the pleadings have been adjudicated in another case. See City of Winter Haven v. Klemm, 132 Fla. 334, 181 So. 153, 133 Fla. 525, 182 So. 841.

The prayer of the bill of complaint is:

"WHEREFORE, premises considered, plaintiff prays that the court vacate, annul, cancel and set aside the tax levies aforementioned, against plaintiff's lands aforedescribed, by decree of this court; that the said O. Roscoe Way, as City Tax Collector, and his successors in office, be permanently enjoined from collecting or attempting to collect said taxes, or any part thereof; and that the defendant City Commissioners, and their successors in office, be permanently enjoined from hereafter levying taxes against the property of the plaintiff aforedescribed; that the said O. Roscoe Way, as City Clerk, as *ex-officio* Tax Assessor of the said

The City of Winter Haven, and his successors in office, be permanently enjoined from hereafter assessing taxes against the lands of plaintiff, aforedescribed; that the court adjudge and decree that the tax levies, aforementioned, constitute a mere cloud on title to plaintiff's lands aforedescribed, and further decree said cloud be and the same is thereby removed and quieted against the said tax levies aforementioned of the said The City of Winter Haven."

The opinion and decree of the chancellor contain the following:

"The court is of the opinion with reference to levies made for operating expenses prior to ouster in quo warranto, absent allegations of no benefits presently received by the lands of plaintiff, and in view of the admission of paving having been placed abutting the north side of said lands, that this court is bound by the opinions and judgments of the Florida Supreme Court in Klemm and Lake Placid cases, aforementioned, which cases hold, according to the construction given these cases by this court, that before a taxpayer can have relief by injunction from operating levies made prior to ouster, he must again allege and prove that ousted lands have received no municipal benefits in the past and can presently receive no municipal benefits; in other words, he must allege and prove his case, identically, as if no ouster had been entered and under the procedure authorized by the Supreme Court in City of Sarasota v. Skillin, 178 So. 837, and as to bond debt service this court construes the cases to hold that levies made either before or after judgment of ouster for this purpose, the taxpayer may not have relief by injunction or otherwise, being estopped by reason of validation and negotiation of the bonds and the exercise by a municipality of asserted *de facto* jurisdiction over excluded lands before judgment of

ouster in quo warranto. Therefore, this court must hold
the motions of the defendant City and its officials and the
motion of George Andrews to dismiss the bill well taken,
and the plaintiff having announced to the court that it
elected not to plead further in said couse;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED
that the motion of the City of Winter Haven and its officials
to dismiss the bill of complaint and the separate motion of
George Andrews, a defendant herein, to dismiss the bill, be
and the same are hereby granted, and the court having
granted motions of the defendants to dismiss the bill of
complaint, the motion to strike parts of the bill of com-
plaint, interposed by defendants, be and the same are
hereby denied;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
this cause be and the same is hereby dismissed with costs
herein in the sum of $9.35 taxed against the plaintiff.

"DONE AND ORDERED at Chambers in Lakeland, Florida,
this the 12th day of December, A. D. 1938.

"H. C. PETTEWAY, Judge of the Circuit Court."

The object of the suit is to enjoin municipal taxation of
plaintiff's described forty acres of land that is included in
a large area of rural land from which the jurisdiction of
the City of Winter Haven was excluded by a quo warranto
judgment, after the *de jure* city had for several years exer-
cised *de facto* jurisdiction over the lands and had issued
municipal public improvement bonds for the payment of
which the city had pledged its taxing power over all of the
taxable lands in the city limits under Chapter 11301, Acts
of 1925, some of the lands, including plaintiff's described
lands, are covered by the ouster judgment. State *ex rel.* v.
City of Winter Haven, 114 Fla. 199, 154 So. 700.

It is contended that the judgment of ouster is *res adjudi-*

*cata* as to all the lands directed by this Court to be included in the ouster judgment, on the ground that Chapter 11301 violated Section 8, Article VIII, as well as on the ground that the violation was of Section 16, Article III, Constitution, on which latter ground alone the judgment of this Court was predicated.

While the information in the quo warranto proceedings to oust the jurisdiction of the City of Winter Haven from a large area of rural lands including the plaintiff's described land, alleged partial invalidity of Chapter 11301, Acts of 1925, on grounds that Section 16, Article III, and also in effect that Section 8, Article VIII, of the Constitution had been violated by the inclusion of such rural lands in the City of Winter Haven, the original circuit court judgment of ouster was limited to only a portion of the lands that were incorporated in violation of Section 16, Article III, and this Court on writ of error reversed the circuit court judgment of ouster and directed that a judgment of ouster be entered by the circuit court covering all the lands incorporated in the city in violation of Section 16, Article III, of the Constitution, this Court stating in its opinion which was a part of the appellate court judgment, that:

"Holding the title of the Act to be insufficient (under Section 16, Article III), it is unnecessary for us to discuss other questions which would be necessary for our determination if the title to the Act were valid.

"We think that the title of the Act, together with the provisions of the body of the Act, is *sufficient to include within the territorial limits of the City of Winter Haven

---

*Note: The word "sufficient" in the second paragraph of the above quotation erroneously appears as "insufficient" in the Florida Reports and in the Southern Reporter.

all of that territory which immediately prior to the passage of the Act was included within the territorial limits of Florence Villa, but it was ineffective to include any of that territory beyond the limits of Florence Villa and beyond the limits of the City of Winter Haven as described in Chapter 11299, Acts of 1925.

"Accordingly, the judgment should be reversed, with the directions that a judgment of ouster be entered against the respondents as to all territory lying outside of the territory embraced within the City of Winter Haven as established by Chapter 11299 and the territory embraced in the Town of Florence Villa at the time of this annexation by Chapter 11301.

"It is so ordered." State *ex rel.* v. City of Winter Haven, 114 Fla. 199, 154 So. 700.

Any Judgment rendered by the circuit court with a broader scope and purpose than that indicated by the opinion of this Court which is a part of the appellate court judgment, would be of no effect in law, and could not be *res adjudicata* of anything not covered by the judgment directed to be entered by the opinion and judgment of this Court.

The alleged partial invalidity of Chapter 11301 under Section 8, Article VIII, Constitution, was not a part of, or involved in, the opinion and judgment of this Court, and could not legally have been included in the intendments of the circuit court judgment of ouster that was directed to be entered by this Court. A violation of Section 16, Article III presents a question of law. Whether Section 8, Article VIII has been violated by excessive incorporation of rural lands presents questions of fact.

Likewise as to the application of the doctrine of *de facto* municipal jurisdiction in appropriate judicial proceedings.

This latter question was not involved in the quo warranto case, State *ex rel.* v. City of Winter Haven, 114 Fla. 199, 154 So. 700, but it was adjudicated on the appeal in City of Winter Haven v. Klemm, 132 Fla. 334, 181 So. 153, where also other questions presented on this appeal were adjudicated by this Court. See also Shapleigh v. San Angelo, 167 U. S. 646, 17 Sup. Ct. 957, 42 L. Ed. 310; Tulare Irrigation Dist. v. Shepard, 185 U. S. 1, 22 Sup. Ct. 531, 46 L. Ed. 773.

The doctrine of *de facto* municipal jurisdiction in this class of cases is not predicated upon a valid legislative enactment, but upon a *prima facie* and presumptively valid enactment that is alleged to be invalid and subsequently adjudged to be invalid or void, whether in form, as a violation of Section 16, Article III, Constitution, or in substance, as a violation of Section 8, Article VIII, or a violation of any other provision of the Constitution, when the enactment is not patently void on its face, and under such an enactment a municipality actually exercises jurisdiction, and before illegality in the enactment is established, rights are acquired in the course of the exercise of such actual jurisdiction of the assumption that the enactment is valid. In such cases the courts determine whether the rights so acquired should be enforced to attain justice, when such enforcement does not violate superior rights or violate controlling provisions or principles of law. In Balkan v. Buhl, 158 Minn. 271, 197 N. W. 266, 35 A. L. R. 470, the illegally assessed territory was immediately excluded by quo warranto proceedings.

When the judgment of ouster was rendered as required by this Court in State *ex rel.* v. City of Winter Haven, 114 Fla. 199, 154 So. 700, the statute was adjudged to be partially invalid as violating Section 16, Article III, of the

Constitution. The adjudged invalidity of the statute to give *de jure* municipal jurisdiction is one of the elements of the doctrine of *de facto* municipal jurisdiction which has been utilized as a part of the law of this State; and such doctrine properly applied does not violate organic law.

The opinions in State *ex rel.* v. City of Winter Haven, 114 Fla. 199, 154 So. 700, referred to the restrictive nature of the title of Chapter 11301, Acts of 1925, which appeared by the terms of the title itself; but it was not held that the descriptions of land contained in the body of the Act showed that such described lands were not embraced in the areas covered by the title. That matter had to be determined by reference to other Acts or records as was done in the quo warranto action. It was apparently the legislative intent to include in the city limits all the lands described in Chapter 11301; but as that intent was not legally expressed in the title of the Act, the inclusion of the added rural lands in the body of the Act not being covered by the title, was ineffective to give the city *de jure* jurisdiction over such rural lands. Section 16, Article III, Constitution, operates upon all statutes enacted in violation of the organic provision; but all statutes do not relate to municipal jurisdiction. The doctrine of *de facto* municipal jurisdiction and of *de facto* public or corporate officials does not ordinarily apply to individual activities. Municipal *de facto* jurisdiction of the class here considered flows from a presumptively valid enactment that is adjudged to be invalid. If the statute had been valid as to the lands that were excluded, the city would have had *de jure* jurisdiction of the excluded lands and there would be no occasion to invoke the doctrine of *de facto* municipal jurisdiction.

Statutory enactments are *prima facie* and presumptively valid unless they are patently invalid on their face; and all

statutes are subject to appropriate judicial inquiry into their constitutionality as to the form of the enactment as well as to the substance of it. Even in State *ex rel.* Nuveen v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 129, the partial invalidity of the statute had to be adjudicated by considering the Act with Article XII of the Constitution. Likewise as to Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253; State v. L'Engle, 40 Fla. 392, 24 So. 539; Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716.

An enactment may be presumptively valid under Section 16, Article III, as well as under any other provision of the Constitution, and many enactments have been so considered. See State *ex rel.* v. Ault, 129 Fla. 686, 176 So. 789; Wade v. Atlantic Lumber Co., 51 Fla. 628, 41 So. 72; Disston v. I. I. Board, 75 Fla. 653, 79 So. 295; Carr v. Thomas, 18 Fla. 736; Webster v. Powell, 36 Fla. 703, 18 So. 441; Prairie Pebble Phos. Co. v. Silverman, 80 Fla. 541, 86 So. 508; State *ex rel.* v. Palmes, 23 Fla. 620, 3 So. 171; *Ex Parte* Knight, 52 Fla. 144, 41 So. 786.

In Ocean Beach Heights, Inc., v. Brown-Crummer Investment Co., 302 U. S. 614, 58 Sup. Ct. 385, 82 L. Ed. 478, the incorporation was not by statute but by the inhabitants under the general law; and such law did not confer upon inhabitants authority to incorporate *any non-contiguous lands whatever* into an existing municipality; therefore, there could be no *de jure* jurisdiction over the non-contiguous land in the absence of a statute giving it; and where there could be no *de jure* jurisdiction, there can be no *de facto* municipal jurisdiction. Statutes express legislative *power* under the Constitution. Individuals have no legislative power and can exercise only such authority as is conferred by law. See Mahood v. State, 101 Fla. 1254, 133 So. 90. In that case the non-contiguous land was shown

by the pleadings. See Leatherman v. Alta Cliff, 114 Fla. 305, 153 So. 845.

In Executive Communication, 14 Fla. 285, the particular enactment was held void, as a part of Chapter 11301 is held to be void in this case, but in the 14 Fla. opinion there was no question of *de facto* municipal jurisdiction.

Section 8, Article VIII of the Constitution does not directly confer municipal authority; but it expressly recognizes the power of the Legislature to regulate the jurisdiction and authority of municipalities "and to alter or amend the same at any time."

Statutes relating to the jurisdiction and authority of municipalities may by their title and contents violate Section 16, Article III, or Section 8, Article VIII, or any other provision of the Constitution; yet such statutes, unless patently void on their face, may be presumptively valid until their invalidity is duly adjudged. This is so because of the sovereign law-making *power* of the Legislature. And when such *statutes* are presumptively valid, rights acquired thereunder may be enforced, in municipal governmental matters under the doctrine of *de facto* municipal jurisdiction, unless forbidden by controlling law. This is so even though the *prima facie* and presumptively valid statutes may, when so adjudged, be invalid or void *ab initio*. *De facto* authority may be exercised by public or private corporations, but ordinarily not by individuals as such.

Under Section 8, Article VIII, Constitution, the Legislature has discretionary judgment in the statutory incorporation of lands in a municipality; and the organic provision contemplates the incorporation of sufficient unimproved lands to meet the potential needs of the municipality; and even though an apparently excessive area of rural lands wholly unsuited for, and not presently or potentially needed for lawful municipal purposes are included, yet such *stat-*

*tory* incorporation will be presumptively valid until otherwise duly adjudged; and such presumptive validity of a statute is notice to all that though prima facie or presumptively valid, its validity is subject to appropriate judicial action; and the resulting legal consequences are binding on all according to the law that may be applicable to different parties under the facts in each case as it arises in litigation.

In proceedings under the statute, Section 5106 (3296), *et seq.,* C. G. L., to validate municipal bonds, the taxpayers have a wide latitude in showing matters affecting the validity of the bonds sought to be validated; and if it be shown that a statute under which the municipality acts is probably invalid in whole or in material part, the court may defer the validating proceedings for a reasonable time in which the legality of the statute may be duly determined. If such a remedy is not open to a taxpayer, he may contest the validity of municipal taxation of his lands if he has not waived his rights in the premises; so the taxpayer is not without a remedy when his organic property rights are violated by taxation of his incorporated lands, if they are wholly without the range of lawful municipal taxation.

Chapter 11301, Acts of 1925, was not patently invalid in part on its face, because other statutes or records had to be examined to determine whether the lands embraced in the City of Winter Haven and in the Town of Florence Villa did not include all the lands described in Chapter 11301, so as to make the body of the Act describe lands not covered by the title of the Act, in violation of Section 16, Article III, Constitution. The incorporated lands cover a large area and the official census may have shown a relatively small population in the area; but the face of Chapter 11301 does not show that lands described in the Act exceeded in area those embraced in the previous City of Winter Haven

and the added Town of Florence Villa, or that large areas of rural lands were included in the lands described in Chapter 11301, or that the population of the incorporated area was greatly out of proportion to the land areas described in Chapter 11301, so as to make a portion of the Act invalid as violating either Section 16, Article III, or the intendments of Section 8, Article VIII, or any other provisions of the Constitution. Partial invalidity of Chapter 11301 had to be adjudged upon appropriate pleadings and proof or admissions, whether the invalidity was because of a defective title in violation of Section 16, Article III, or because of the violation of the intendments of Section 8, Article VIII, Constitution, by incorporating an excessive area of rural lands not suited or needed for lawful municipal purposes.

A statutory enactment incorporating large areas of land in a city, is not patently void on its face because it might be shown to be invalid by reference to the Constitution or to statutes or to records of which the court may take judicial notice.

If the rural lands from which the jurisdiction of the City of Winter Haven was ousted by the quo warranto judgment are not liable to municipal taxation under a proper application of the doctrine of *de facto* municipal jurisdiction, then they are not liable since it had been adjudicated that they were not legally incorporated in the City of Winter Haven by Chapter 11301, Acts of 1925, because Section 16, Article III, Constitution, was violated by including the rural lands in an Act the title to which did not embrace such lands. State *ex rel.* v. City of Winter Haven, 114 Fla. 199, 154 So. 700.

In State *ex rel.* v. City of Pompano, 136 Fla. 730, 188 So.

610, the Court interpreted the statutes as limiting the municipal bond obligations to the original town limits. See opinion on rehearing by Mr. Justice BUFORD, 188 So. 629.

In this case the statute and the City intended the municipal bond obligations to extend to all the lands described in Chapter 11301, but the illegally incorporated lands are not liable to taxation for proportionately paying the bonds except by the lawful application of the doctrine of *de facto* municipal jurisdiction.

The appellant was plaintiff in this equity suit; and as the bill of complaint was dismissed on the pleadings because the bill did not allege the absence of all municipal benefits to plaintiff's land and the plaintiff elected not to plead further, it is not necessary to here discuss questions of the burden of proof in cases where taxation under *de facto* municipal jurisdiction is duly presented as an issue and questions as to the burden of proof are duly raised for decision.

This Court has held that the validity of a municipal incorporation should be tested by quo warranto proceedings; but this Court has not held that property rights may not, by appropriate proceedings other than quo warranto, be protected against illegal municipal taxation upon grounds of violation of organic property rights.

Where municipal taxation would violate organic property rights that have not been lost by acquiescence, waiver or estoppel, such taxation may be prevented by appropriate judicial proceedings. See City of Winter Haven v. Klemm, filed herewith.

The bill of complaint does not allege facts showing a denial of due process or of equal protection of the laws.

Affirmed.

BROWN, BUFORD, CHAPMAN, and THOMAS, J. J., concur.

Chief Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.