**THOMAS SMITH, et al., v. CITY OF WINTER HAVEN, a municipal corporation, et al.**

18 So. (2nd) 4

May 9, 1944

Rehearing Denied June 2, 1944

January Term, 1944

Division A

*P. R. Porter,* for appellants.

*Harry E. King,* for appellees.

*H. C. Crittenden,* for amicus curiae.

TERRELL, J.:

This appeal is from a decree dismissing the complainant's second amended bill of complaint against the City of Winter Haven seeking to vacate certain tax levies and to enjoin the city from levying and collecting taxes on the lands described for servicing outstanding municipal bonds.

The amended bill of complaint alleges that said lands (over 6000 acres, composing a negro settlement) were included within the City by Chapter 11301, Acts of 1925, that they are located more than a mile from the City limits and more than two miles from the business part of the City, that said lands and all other lands between them and the City are agricultural lands, that they are completely surrounded by rural undeveloped lands and that they are not now nor have they ever been actually or potentially benefitted by inclusion in the City. It is shown that they were ousted from the City by decree of this Court March 7, 1934. State ex rel. Landis v. City of Winter Haven, 114 Fla. 199, 154 So. 700.

The City counters the allegations of the complainants with the contention that they are estopped by laches from resisting the assessments in question because they paid their taxes from the time they were included in the City in 1925 to the date of the judgment of ouster March 7, 1934, that they delayed bringing this suit until September, 1941, and that the City is imposing said taxes in compliance with an order of the United States Circuit Court of Appeals of the Fifth Circuit, viz: City of Winter Haven v. Gillespie, 84 Fed. (2nd) 285.

In answer to the concluding phase of this contention, it is sufficient to say that none of the appellants herein were parties to City of Winter Haven v. Gillespie and are not bound thereby. Even if appellants had been parties to the said case, this Court in City of Winter Haven v. A. M. Klemm & Sons, 132 Fla. 334, 181 So. 153; 133 Fla. 525, 182 So. 841,

and in City of Winter Haven v. Klemm & Sons, 141 Fla. 75, 192 So. 646, particularly the latter case, defined the rule which would be binding on the Federal Court since a question of state policy only is involved. The last cited case definitely held that injunction was available to a taxpayer for relief against unlawful assessments against his lands. Laches was also interposed and the judgment in City of Winter Haven v. Gillespie, supra, was raised in City of Winter Haven v. Klemm & Sons, supra, to support estoppel but this Court overruled both defenses.

A municipality's power to tax for benefits is not bounded by its cosmic ambition or the superlative inducements of its chamber of commerce but by its present or reasonably present capacity to replace the taxes exacted with a commensurate benefit. When the relation between the taxes exacted and benefits conferred is not apparent, there is no basis whatever to support the tax. The fact that one on whom an unlawful tax is imposed pays it over a period of years before he "squeals" might be evidence that his family tree had its genesis in the loins of the stoics but it certainly would not be a peg on which to hang estoppel. It would be more logical to contend that appellants were entitled to recoupment. Persons adversely affected by it may raise the defense of laches but it certainly could not be available to those who are unjustly enriched by it.

It is also contended that appellants are barred from the relief asserted because they failed to apply to the municipal Board of Equalization for tax adjustment as required by law. Rudisill v. City of Tampa, 151 Fla. 284, 9 So. (2nd) 380, is relied on to support this contention.

The lands involved in the latter case were within a legally constituted city where there was a legally constituted tax equalizing board and application to it for relief was required by law. In the case at bar these elements were not present so there is no merit to this contention.

It is finally contended that the amended bill of complaint was properly dismissed because it did not allege present unsuitability for as well as that the lands in question were not potentially necessary for lawful municipal benefits. General

Properties Company v. Rellim Investment Company, 151 Fla. 136, 9 So. (2nd) 295, is relied on to support this contention.

The facts in the latter case are so materially different from those in the case at bar that it is not in point. In our view, this point is concluded by State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610, and City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837.

The judgment of the circuit court is accordingly reversed with directions to reinstate the bill of complaint and proceed accordingly.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.