CHARLES B. HUNNICUTT, et al., v. CITY OF WINTER HAVEN, et al.

31 So. (2nd) 155
June 20, 1947
Rehearing denied July 14, 1947

June Term, 1947
Division A

*P. R. Porter* and *B. K. Roberts,* for appellants.
*Harry E. King,* for appellees.

WILLIAMS, Associate Justice:

The final decree we review adjudicated the right of appellee to assess and collect some taxes on a portion of the "ousted part" of the City of Winter Haven. The Chancellor personally heard the testimony on bill and answer and viewed and inspected (pursuant to stipulation) the land involved. The City of Winter Haven claimed it was furnishing municipal benefits, advantages, privileges, and had de facto authority to impose municipal taxes on the property involved. The owners of the property involved contradicted this by bill for injunction (some of the plaintiffs joined in the bill of complaint after it was filed) to enjoin the assessment and collection of taxes due and to become due on said land on the ground that the property was not benefited by municipal benefits from the City of Winter Haven, and that it was

ousted·property and immune from taxation by the City of Winter Haven. The City of Winter Haven claimed the right .of contribution of taxes from this property by reason of bonded indebtedness that accrued when the land was incorporated as a part of the City of Winter Haven. See Laws of Florida, 1925, Chapter 11301, and Laws of Florida, 1925, Chapter 11299.

The procedure to exempt property from taxation alleged not to be subject to municipal taxation and resorted to by appellants is generally outlined in City of Sarasota v. Skillin, 13 Fla. 724, 178 So. 837. The lower court held part of the property involved subject to a tax of 33 1/3% of its present assessed cash value for the taxes that were unpaid; a part of the property liable for 50% of the assessed tax value for the years unpaid, and directed the payment thereof in thirty-three days and in default of such payment provisions for collection of said taxes by foreclosure were specified.

Other property involved was held to be exempt from taxes from the first assessment by the City thenceforward. We feel, under City of Winter Haven v. Klemm, 132 Fla. 334, 181 So. 153; 133 Fla. 525, 182 So. 841; 141 Fla. 75, 192 So. 646; 141 Fla. 60, 192 So. 652; Coral Gables v. State, 148 Fla. 671, 5 So. (2) 241; Richmond v. Town of Largo, 155 Fla. 226, 19 So. (2) 791, the tax liability adjudicated was warwanted. As to the amount of tax liability imposed the adjudication was based on testimony that is substantial and reasonable, and as the Chancellor carefully viewed and inspected the property (under the stipulation), that adds ·to the weight of his opinion on the facts, and, under familiar rules of this Court on review of the evidence to sustain a decree, this final decree must be upheld. Budd v. Gooch, 151 Fla. 262, 9 So. (2) 633, 1 Encl. Digest of Fla. Reports, p. 326, et seq., Art. 169, Ibid. 1946 Cum. Supp., p. 113, et seq., Art. 169.

We find no harmful error in the final decree appealed from, and the same is hereby affirmed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.