**ELMER VAN ARSDALL, et al., v. CITY OF WINTER HAVEN, a municipal corporation of Florida, et al.**

37 So. (2nd) 164                          June Term, 1948
October 15, 1948                     Special Division B

*P. R. Porter,* for appellants..

*Harry E. King* and *Robert L. Staufer,* for appellees.

BARNS, J.:

The plaintiffs-appellants brought their bill and have attempted to lay a predicate for its being treated and considered as a class suit. The chancellor sustained defendant's motion to dismiss and thereupon plaintiffs prosecuted the appeal.

The only factual matters presented by the bill are that plaintiffs' property was without the corporate limits except for the provisions of Chapter 11301, Laws of Florida, 1925, and that plaintiffs' land lies within that area which was in 1934 by quo warranto adjudged to be excluded from the municipality, as reported in State ex rel Landis vs. City of Winter Haven, 114 Fla. 199, 154 So. 700.

Plaintiffs further alleged that *after* the passage of Chapter 11301, supra, and *before* the exclusion by the adjudication in the quo warranto action, viz in 1925, the defendant City placed special improvement liens against the property of plaintiff. Without the allegation of any additional facts going to any equity, the plaintiffs charge that the liens are invalid.

The chancellor was correct in holding that plaintiffs' suit was not a class suit. See City of Lakeland v. Chase National Company, 159 Fla. 783, 32 So. 2nd 833. The chancellor properly sustained the motion to dismiss.

The decree appealed is affirmed.

THOMAS, C. J., ADAMS and SEBRING, JJ., concur.