## EASTERN IRON AND METAL CO., LTD. *v.* H. C. PATTERSON, PATTERSON CONSTRUCTION CO., LTD., WILLIAM G. MEAGHER, INDUSTRIAL DEVELOPMENT, A CALIFORNIA COPARTNERSHIP.

### NO. 2913.

ARGUED SEPTEMBER 24, 1953.        DECIDED DECEMBER 21, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an appeal from a decree of the presiding judge in equity granting equitable relief to the petitioner by

ordering the respondents, jointly and severally, to pay the sum of $35,000 to the petitioner and by letting "execution issue" but reserving the right "to hold further proceedings to determine the nature and extent of any further appropriate, just and equitable relief and thereupon to enter an appropriate supplemental decree." Of the four respondents, only respondents Meagher and Industrial Development appeal.

Those two respondents in their specification rely upon four alleged errors which all challenge the presiding judge's interpretation of this court's prior opinion of reversal in the same cause and his attempt to perform this court's mandate upon such reversal. (See *Eastern I. & M.* v. *Patterson, et als.*, 39 Haw. 346.) Two principal questions, generally stated, are presented. One is whether this court's reversal and mandate required a new trial, and, if they did not, then the other question is whether the decree now on appeal accords with the mandate.

To ascertain the effect of the reversal and mandate, this court's prior opinion must be examined. As indicated therein, the cause arose out of contract and was originally tried below on the merits. After the close of trial, the chancellor, then presiding, entered a decree dismissing petitioner's bill in its entirety and denying all relief to the petitioner. Although a final decree to that extent, it was termed "Interlocutory Decree" presumably because the decree by stipulation of the parties continued a separate and distinct matter for future determination, such matter being that of the assessment of damages to which one of respondents was entitled on petitioner's injunction bond as found in the decree. That decree was completely reversed by this court. But there is nothing in this court's prior opinion that could be construed as

reversing such decree for any error of trial. On the contrary, the reversal pertained to findings of fact and conclusions of law made in the decree after the close of trial. In reversing the decree, this court displaced those findings and conclusions with ones of its own of contrary import and remanded the cause "for further proceedings to determine the nature and extent of the appropriate, just and equitable relief to be granted to the petitioner by a final decree in its favor consistent with this opinion." Nevertheless, this court by its opinion determined not only the nature but the extent of that relief in so far as the petitioner's recovery against each respondent is concerned. It did so by defining such relief to be an "order [that] the respondents * * * pay petitioner's damages for which they are jointly and severally liable," and by characterizing that order as "the next step in logical sequence of equitable relief" to be taken. (*Eastern I. & M.* v. *Patterson, et als., supra,* at 360, 361.) It thereby finally settled all issues but left to be ascertained on remand only the extent of relief in so far as the amount of damages to be assessed is concerned.

The effect of reversal and mandate operated as between the parties to set aside the decree and put them back to the stage of the case immediately before the vacated decree was entered. At that stage both parties had rested after a trial on the merits and were awaiting final decree adjudicating the cause. On remand, therefore, it was incumbent upon the presiding judge to assess petitioner's damages for breach of contract and to order by final decree the respondents to pay the amount assessed which in effect is what the presiding judge did in the instant decree ordering the respondents, jointly and severally, to pay $35,000 to the petitioner. To so as-

sess damages and enter final decree necessitated no further trial. Nor did the reversal and mandate require one. On the contrary, it is evident from the face of the record and from this court's prior opinion that the amount of damages assessed at $35,000 is the sum which the petitioner paid on the breached contract as a down payment and for which it has never been repaid or otherwise compensated. In correlation, a review of the record reveals that the uncontroverted evidence supports the decree in so far as it assesses the petitioner's damages for breach of contract at $35,000.

The decree in ordering respondents, jointly and severally, to pay petitioner $35,000 for which it let execution issue is a final decree with all the essential characteristics thereof and completely adjudicates the cause. To that extent, it accords with this court's mandate. But in so far as it purports to reserve the right to grant further relief, the decree is contrary to this court's mandate and is void and of no effect. The valid and void portions, however, are severable. Being a nullity, the void portion does not divest the otherwise valid decree of its character of finality in conformity with this court's mandate. (See *A. M. Klemm & Son* v. *City of Winter Haven, et al.,* 141 Fla. 60, 192 So. 652; *Ethredge* v. *Diamond Drill Cont. Co.,* 200 Wash. 273, 93 P. [2d] 324.)

Decree affirmed as to the portion granting relief, but reversed as to the portion reserving right to grant further relief. Cause remanded with instructions to delete said latter portion from the decree.

*F. W. C. Loo* and *B. H. Levinson* (*Levinson & Cobb* on the briefs) for appellants.

*S. Shapiro* (also on the brief) for appellee.