STATE OF FLORIDA, ex rel. FRED H. DAVIS, Relator, and WILLIAM P. MCDONALD, et als., Co-relators, *Plaintiffs in Error*, v. THE CITY OF LARGO, *Defendant in Error*.

149 So. 420.

Opinion filed May 2, 1933.

Re-hearing denied July 11, 1933.

C. E. Ware, Kelly & Casler, Phillips & Thompson, Macfarlane Pettingill, Macfarlane & Fowler, for Plaintiffs in Error;

George L. Brown and Bussey, Mann & Barton, for Defendant in Error.

KOONCE, Circuit Judge.—The line between judicial interpretation and legislative enactment is so thin that courts always approach with the utmost caution the duty of declaring a statute invalid. It is a rule well established that where the constitutionality of an Act is in doubt such doubt must be resolved in favor of its validity. As a general rule courts will not declare an Act of the Legislature invalid because it may be violative of the best policy, nor because it may be harsh in enforcement, nor because it is manifestly unwise, for that responsibility is upon the Legislature and the courts assume no superior intelligence or better judgment. Nevertheless there are limitations even to the discretion of the Legislature and when a court is convinced that a statute is so unwarranted as to be violative of both the letter and the spirit of the Constitution it becomes not a mere privilege, but a solemn duty of the court to declare such Act unconstitutional and void.

By the amended information, in the nature of quo warranto filed by the State ex rel. Attorney General, and the Co-relators for themselves and on behalf of all others similarly situated, it is contended that the Respondent, City of Largo, by virtue of Chapters 10760 and 10761, Acts of Legislature, Session of 1925, the respondent has unlawfully usurped and assumed to exercise corporate powers and privileges over certain territory set out in the information.

After a series of demurrers, answers, replications and

motions to strike out the case came on for a final hearing before the Circuit Judge, at which time he entered his final judgment therein, after stating the pleadings he concluded as follows: "It now further appearing to the court that the amended information filed herein, on the face thereof, sets up and shows a right to the relator and co-relators for the issuance of a judgment of ouster as against the defendant City; and it further appearing to the court, however, that the answer and amendment filed thereto by the defendant City, although the same wholly and entirely fails to constitute a sufficient defense of justification or right that the facts therein set forth are sufficient to create an estoppel or laches as against the relator and co-relators, and that as inasmuch as no sufficient replication has been filed thereto, that the record in this case presents no issue of fact to be further determined herein as between the relator and co-relators and the respondent. Wherefore it is considered ordered and adjudged by the court that the respondent, City of Largo, is rightfully and lawfully exercising jurisdiction and municipal authority over the respective tracts of real estate owned by the co-relators and set forth and described in said amended information; and that the said amended information be, and the same is hereby dismissed."

The Circuit Judge was correct in finding that the amended information was sufficient and that the amended answer "wholly and entirely failed" to constitute a sufficient defense and justification of right, but was in error in holding that the answer set up sufficient estoppel or laches to deny the relator and co-relators a judgment of ouster.

Undoubtedly, under the provisions of Section 8 of Article VIII of the Constitution of Florida the Legislature has the power to establish municipalities, and to extend boundaries.

But in exercising such authority it should at all times be kept in mind that the objects and purposes of such establishment or extension is to provide for an aggregation or community of people, and not simply an indiscriminate location of territory without regard for the requirements of the inhabitants. A sparsely settled area, chiefly used for groves, farms or gardens, or which is wild, unimproved and vacant lands and not needed for habitation or municipal purposes is not ordinarily, within the meaning or purpose of the Constitution. A most enlightening and interesting history and analysis of this subject is given in the opinion of Justice WHITFIELD in the case of State ex rel. v. Avon Park, delivered at the present term of this Court. While under the facts in the Avon Park case it was held that *quo warranto* was not the proper remedy under that writ unless further amended, the case now under consideration is somewhat different.

In this case a major portion of the lands annexed to the Town of Largo by the Acts of 1925 are wholly unsuited and unnecessary for municipal purposes, the area is thinly settled, most of the lands are either vacant, wild and unimproved or are farms, groves or gardens and by reason of distance incapable of receiving any benefit by being included within the city boundaries, and by far the greatest portion does not appear to have the remotest prospect of ever being benefitted thereby. The territory annexed includes a large island between the Clearwater Bay and the Gulf of Mexico, all wild and unimproved lands in no way requiring municipal protection, separated from the mainland by a mile of water, with no connecting causeway or bridge (except a bridge reached by a circuitous route about six miles below the business portion of the town). It may be that a portion of the land annexed might receive

some benefit by being within the corporate limits and might be suitable for municipal purposes, but the legislative Act includes such a large portion which is not so suited or benefited and so unwarranted as to render the entire Act void as violative of Section 12 of the Declaration of Rights, Constitution of Florida. It is not for the Court to determine what portions might be properly annexed, for the drawing of boundary lines is a legislative act.

The facts set forth in the information and the answers do not make out a case of estoppel or such laches as to deny to the relator and co-relators the right prayed. The case should be reversed and remanded with instructions to enter a judgment of ouster against the respondent as to the entire annexed territory.

It is so ordered.

ELLIS, BROWN and BUFORD, J. J., concur.

WHITFIELD and TERRELL, J. J., dissent.

DAVIS, C. J., disqualified.

### ON PETITION FOR RE-HEARING

KOONCE, Circuit Judge.—A motion has been filed by attorneys for Respondent for a re-hearing in this case, setting forth many questions alleged to have been "unconsidered" by the Court. It is insisted that the decision rendered would be most disastrous to the City of Largo and greatly complicate matters, that the decision excludes a large territory from the city limits the inhabitants of which are still willing to remain within the corporate limits and who do not join in the *quo warranto* proceedings.

None of these questions were overlooked and unconsidered by the Court. It is true that the effect of the decision may be "unfortunate" for the City of Largo in some respects, but the sponsors of the legislative Act extending the territorial boundaries of the city should have

taken into consideration the possibility (and even the probability) of such an act being questioned in the courts and the resultant effects should it be declared to be unconstitutional. The fact that there may be some (or even many) included within the annexed territory who desire to remain in the corporate limits does not make valid an Act passed in violation of the Constitution, and such an enactment cannot be justified upon the ground that some are willing to be so included.

As stated in the opinion it is now here repeated; "It is not for the court to determine what portions might be properly annexed, for drawing the boundary lines is a legislative act."

The co-relators were by an Act of the Legislature included within the city limits—they did not desire to be so included, their remedy was an attack upon the Act as a whole. This Court upon consideration has found the Act to be in violation of the Constitution, the opinion rendered so declares and orders a judgment of ouster. Such an order or judgment does not have the wholesale disastrous effect which seems to so alarm the respondent.

It seems unnecessary in this order to enter into a discussion of the various effects of the opinion which so perturb the movants, nor does the Court feel called upon to here distinguish between this opinion and the cases of State ex rel. Stuart, 97 Fla. 69, 120 So. 335, or Town of Boynton v. State, 103 Fla. 1113, 138 So. 639; or State of Florida v. City of Clearwater, 139 So. 337. When carefully read and considered there will be found no real conflict in these opinions. Nor is it necessary for this Court to blaze the way out of the imaginary wilderness of confusion in which the respondent finds itself by reason of this opinion.

A plain question of the constitutionality of a legislative Act was squarely presented to the Court for determination by the co-relators and however much the Court may deplore any real or imaginary unfortunate conditions which may arise by a determination of the question, the Court cannot evade the duty it owes to every citizen to protect him against invasion of his constitutional rights.

The petition for a re-hearing should be denied.

ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (Dissenting).—I think the petition for re-hearing should be granted for the purpose of considering the question as to whether or not our previous opinion and decision should be modified so as to hold that only that section of the re-incorporating Act of 1925, setting forth the boundaries of the municipality, was and is unconstitutional, leaving undecided the question of the constitutionality *vel non* of the Act as a whole as being unnecessary to a decision of this case.