THE CITY OF CORAL GABLES, and VINCENT D. WYMAN, *et al.,* as Councilmen of said City, v. STATE, *ex rel.* CARY D. LANDIS, Attorney General, and M. R. BENNETT, J. T. OWNBY and ANDREW SOLOKOR.

164 So. 535.
Opinion Filed December 12, 1935.

*Morton B. Adams,* for Plaintiffs in Error;

*A. C. Franks,* for Defendants in Error.

PER CURIAM.—The writ of error in this case brings for review a judgment of ouster in the Circuit Court of Dade County wherein it was held:

"That Chapter 1372, Acts of the Legislature of the State of Florida of 1929, approved May 8th, 1929, insofar as the same relates to the lands and territory attempted to be annexed to and embraced within the corporate limits of the defendant City of Coral Gables, a municipal corporation, violate the provisions of the Constitution of the State of Florida and is in violation of the property rights of all the

owners of lands situated within the area described in said
Amended Information; in that the lands within said area
are wild and unimproved and unoccupied and are unbene-
fited by being subject to the jurisdiction of said defendant
corporation, and that said defendant corporation and the
officers thereof, since the passage and taking effect of said
Act, have unlawfully usurped and exercised the privileges,
powers and franchises of a municipality in, upon, and over
all of said lands, contrary to the Constitution and laws of
the State of Florida, and that said defendant City of Coral
Gables and the officers thereof should be ousted therefrom."

And, thereupon, judgment of ouster followed as to cer-
tain lands described in the judgment.

It is contended here that the judgment of ouster was er-
roneously entered because the record does not warrant the
findings of the Circuit Judge, and because there were cer-
tain lands included within the boundaries fixed by the legis-
lative Act mentioned in the findings which lay beyond those
lands as to which the judgment of ouster applied and which
would be entirely segregated from the municipality by the
ouster of the jurisdiction of the city over the lands de-
scribed in the judgment.

The record shows that there is a small strip of land lying
beyond the lands involved which was not included in the
judgment, but we do not think this is ground for reversal
of the judgment because if the Act of the Legislature was
ineffective to include the lands described in the judgment of
ouster, then it was likewise ineffective to include those lands
lying beyond the lands described in the judgment of ouster
and it necessarily follows that the city would have no right
to exercise jurisdiction over that strip of land lying beyond
the lands described in the judgment of ouster. Otherwise,
the judgment should be affirmed on authority of State, *ex*

*rel.* Landis, Attorney General, *et al.,* v. Town of Lake Placid, a Municipal Corporation, etc., in which opinion was filed at this Term of the Court, and upon authority of the opinions and judgments in the cases of State, *ex rel.* Davis, Attorney General, v. Town of Lake Placid, 109 Fla. 419, 147 Sou. 468; State, *ex rel.* Landis, Attorney General, *et al.,* v. Town of Lake Placid, 117 Fla. 874, 158 Sou. 497; State, *ex rel.* Attorney General, *et al.,* v. City of Avon Park, 108 Fla. 641, 149 Sou. 409; State, *ex rel.* Davis, Attorney General, v. City of Largo, 110 Fla. 21, 149 Sou. 420.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, J., not participating.