### TOWN OF LARGO v. RICHMOND.
### No. 9235.

Circuit Court of Appeals, Fifth Circuit.
Feb. 17, 1940.

Rehearing Denied March 15, 1940.

M. A. McMullen, Chester B. McMullen, Cyril E. Pogue, and Geo. L. Brown, all of Clearwater, Fla., for appellant.

Giles J. Patterson, of Jacksonville, Fla., and T. M. Shackleford, Jr., Tampa, Fla., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Like in the case of Ocean Beach Heights v. Brown Crummer Investment Company[1] on which appellant in this case relies, the bonds involved in this proceeding were issued while the town was greatly swollen in extent by an enlargement of its boundaries, and the judgment from which the appeal comes was instituted after ouster proceedings had reduced the swelling by excluding the enlarged boundaries. Unlike in that case however, the boundaries were enlarged here by Legislative Act and not by a vote of the inhabitants of the town.[2] Also unlike in that case, the judgment appealed from here, is merely a judgment against the town on the bonds and not as there, a judgment entered in aid of mandamus proceedings requiring levies, on properties in the ousted territory.

Upon the pleadings and stipulation on which the case was tried below, Largo was existing as a municipal corporation, under Chapter 6715. Special Laws of Florida, 1913, under the name, Town of Largo, when by Chapter 10761, Special Laws of Florida 1925, the Legislature undertook to abolish the Town of Largo, and to create and establish it as the City of Largo, its boundaries enlarged from 360 to 4488 acres. Thereafter, bonds were issued and later validated by legislative acts, and plaintiff is the innocent owner and holder for value, of some of them. After the bonds were issued by a judgment of ouster affirmed in the Supreme Court of Florida, State ex rel. Davis v. City of Largo, 110 Fla. 21, 149 So. 420, the added territory was excluded from Largo's boundaries as having been improperly added by the Legislative Act. Thereupon the then officers retired from office, taking their records, books and accounts with them, and the Town of Largo and its governing authorities assumed and proceeded to exercise jurisdiction and power over the territory within the boundaries as fixed for it before the attempted enlargement. These boundaries included substantially all of the inhabitants and a part of the territory embraced in the attempted enlargement. The bonds were issued and sold for the purpose of providing improvements, principally paving of the streets on special assessments, a part in the original limits but the greater part inside the newly added territory at the request of the private developers in the new subdivisions where there were but few settlers; and in addition to his prayer for a judgment on the bonds sued on as legal obligations of the Town of Largo, plaintiff prayed for a discovery as to paving liens pledged for the payment of the bonds, and that plaintiff be authorized to enforce payment of such securities. The only judgment he got however was a money judgment on the bonds. It is that judgment which is under attack on this appeal.

Appellant in addition to denying its identity with and it successorship to the municipality which issued the bonds, and its lia-

[1] 5 Cir., 87 F.2d 978; Id., 302 U.S. 614, 58 S.Ct. 385, 82 L.Ed. 478.

[2] Cf. City of Winter Haven v. Gillespie, 5 Cir., 84 F.2d 285; approved and distinguished from the Ocean Beach Case in City of Winter Haven v. A. M. Klemm & Son, 132 Fla. 334, 181 So. 153, 163 et seq. Cf. State ex rel. Har-

rington v. Pompano, 136 Fla. 730, 188 So. 610, at pages 625 and 627, Whitfield concurring; Fahs v. Kilgore, 136 Fla. 701, 187 So. 170; City of Winter Haven v. A. M. Klemm & Son, Fla., 192 So. 646, and A. M. Klemm & Son v. City of Winter Haven, Fla., 192 So. 652.

bility on them, devotes a large part of its brief to the contention that the territory excluded by the ouster, could not be held for the bonds, and if appellant is alone held, the burden will be greater than it can bear.

Appellee prevailed below, upon the theory that the bonds, validated as they were by Legislative Act, were and remained valid obligations, on which he was entitled to judgment against Largo, the issuing municipality, which though enlarged by Legislative Act, and calling itself City, when the bonds were issued, and now reduced by ouster proceedings, and calling itself Town, exits now and has continued throughout to exist, as the municipality of Largo, and is in law the successor to the City of Largo, the issuer of the bonds. He insists; that while the answer here would be different from the one given there, Cf. Cases cited in Note 2, supra, the question raised and discussed in the Ocean Beach case, and sought to be raised here by appellant as to the liability of the ousted territories on the bonds, and the enforceability of his judgment against them, is not before us for decision; that the sole question here is, whether the municipality, Largo, is liable on the bonds as the issuing, or successor to the issuing, municipality; and that the answer to it is and must be, yes.

■ We agree with appellee that the question in the Ocean Beach case as to the liability of the excluded territory is not before us for decision, and we agree with him that the appellant is in law, the successor to the issuing municipality and must stand in judgment on the bonds. Appellant's assumption; that the judgment and decision in the ouster proceedings declared the enlargement null and void from the beginning for want of constitutional power in the legislature to enlarge boundaries;

that the attempted enlargement had resulted in abolishing the Town to create the City of Largo; and that the subsequent ouster had abolished the City of Largo, leaving no town in its place, will not do. All that was decided in the City of Largo case, was to declare that the legislature had acted oppressively in enlarging the particular boundaries. All that was done, was to "enter a judgment of ouster against the respondent as to entire annexed territory." [110 Fla. 21, 149 So. 422.] The opinion recognized, in accordance with settled Florida law, that the Legislature had power over the enlargement of boundaries, subject to the right of the courts to inquire as to whether a particular enlargement was injurious or oppressive to particular persons affected by it, who should be given a right to be heard as to the taxation of their particular lands.[3]

■■ The judgment of ouster, by going against the respondent as to the added territory, established the continuing existence of the town as originally constituted. The Florida decisions all point out that while the excessive extension of territory by the legislature, may subject the municipality to a judgment of ouster and prevent it as to the future, from exercising jurisdiction over the improvidently annexed territory, it does not prevent the municipality from being one, at least de facto, from the time of the extension until the ouster as to all the territory, they settle it too that, as to bonds and obligations created before the ouster, the municipality as it continues to exist after the ouster is liable. State ex rel. Fidelity Life Ass'n v. City of Cedar Keys, 122 Fla. 454, 165 So. 672, 674; cases cited.

The judgment was right. It is affirmed.

Affirmed.

---

[3] Cases, Note 2, supra.