**THE CITY OF LEESBURG, FLORIDA, a municipal corporation, v. CERTAIN LANDS Upon Which Taxes or Special Assessments, or Both, are Delinquent; THE STATE OF FLORIDA, et al.**

18 So. (2nd) 676    January Term, 1944
April 14, 1944    Division A
Rehearing Denied August 1, 1944

*P. C. Gorman* and *R. P. Hamlin,* for petitioner.

*Walter Warren, Tim H. Seller, J. W. Hunter* and *C. Rogers Wells,* for respondents.

PER CURIAM:

On petition for the issuance of an interlocutory writ of certiorari, we are requested to quash, an order of the chancellor below, which dismissed, a bill of complaint against named defendants, described real estate, and holding void and unenforceable alleged tax liens and special assessments in behalf of the City of Leesburg for the years 1927, 1928, 1932, 1933, 1934, 1935, 1936, 1937 and 1938. The Charter of the City of Leesburg is Chapter 9820, Special Acts of 1923, Laws of Florida, and amendatory Acts. The foreclosure suit was instituted under Chapter 15,038, Acts of 1931; Laws of Florida. A final decree was entered against other defendants to the suit, described property sold thereunder, and master's deed or deeds executed and delivered embracing other properties described in the bill of complaint.

The special master, as a matter of fact, found as to the taxable year 1927 that the City of Leesburg failed to publish a notice of the meeting of the Equalization Board provided for by Section 93 of Chapter 9820, *supra,* and for this reason, as a matter of law, the City of Leesburg acquired no liens for taxes against the lands owned by the dismissed defendants, and this report was made to the chancellor. On final hearing, the chancellor ratified and confirmed the findings of fact and the conclusions of law as made by the special master for the year 1927 as to lands owned by the dismissed defendants.

Section 93 of Chapter 9820, *supra,* provides, among other things, that the city clerk and auditor shall cause to be published in a newspaper a notice that the City assessment roll will be submitted to the Equalizing Board for approval on the date, place and hour fixed for the meeting, and persons desiring a correction in a tax roll shall file with the city clerk and auditor prior to the date of the meeting of the Equalizing Board their petition setting forth objections to the assessment and corrections desired. The court below in concluding that no liens existed construed Section 93 as mandatory rather

than directory. The minutes of the City Commission of Leesburg disclose that the tax roll for the year 1927 was fixed at a valuation of $6,083.082.00, and that the amount was equalized and confirmed by the tax Equalizing Board of the City of Leesburg under date of October 17, 1927. While it may be true that the notice of the meeting of the Equalizing Board was not published, as reported by the special master, but a strong inference is deductible from the reading of the minutes of the City Commission for October, 1927, that all mandatory provisions of the Charter necessary to legalize the tax roll for the year were complied with. Counsel for respondent fail to cite an authority to sustain their contention.

The special master reported to the chancellor as a matter of fact and law that the City of Leesburg failed to prepare a tax roll for the City of Leesburg for the taxable year 1928. This report was ratified and confirmed by the chancellor in the challenged decree of dismissal. The answer to this contention is the testimony given by E. Vance Jones, City Clerk of Leesburg. The witness testified that an assessment roll for the year 1928 was prepared for the City of Leesburg. The tax roll was offered in evidence in the lower court and the original has been transmitted to this Court and the same has been carefully scrutinized and examined. While it is true that just criticisms may be offered to the 1928 tax roll of the City of Leesburg, but when the roll is considered in connection with the testimony of E. Vance Jones, City Clerk, and the minutes of the City Commission dated October 22, 1928, the conclusion is irresistible that a tax roll for the year 1928 was adopted by the City of Leesburg and it was erroneous to hold otherwise.

Chapter 14194, Special Acts of 1929, Laws of Florida, amended Sections 100 and 134 of Chapter 9820, Acts of 1923, being the Leesburg City Charter. The amendment was designed to reduce the annual labor and expense and to promote efficiency and accuracy in the assessments for taxation of both real and personal property within the City. The amendment required the City Commission to determine the amount, fix the rate of taxation, and make the annual levy. It is the duty of the city clerk and auditor to note the total and

several levies on the annual assessment roll and calculate and enter on each assessment roll the amount of taxes to be calculated on each separate assessment of property. Recapitulations shall be made necessary to verify and correct errors, if any, incident to the assessment entered against each piece of property. One copy of the assessment roll, with the amount of the taxes extended thereon, shall be delivered to the city treasurer and collector, while the original shall be retained in the office of the city clerk and auditor.

Assessment rolls for the years 1932, 1933, 1934, 1935, 1936, 1937, and 1938, were prepared and adopted by the City substantially in conformity with amended Section 100, *supra*. When the assessment roll for each of these years is examined in connection with the minutes as kept by the City Commission, it cannot be said the City of Leesburg has no liens for taxes on the property described for said years. See Gautier v. Town of Crescent City, 138 Fla. 573, 189 So. 842. Section 5 of Chapter 15038, Acts of 1931, Laws of Florida, authorizing this foreclosure provides, in part, that "no tax or tax certificate shall be held invalid except upon proof that the property was not subject to taxation or that the taxes had been paid previous to any tax sale or prior to the institution of suit."

Chapter 21350, Special Laws of Florida, Acts of 1941, amended designated provisions of Chapter 9820, Charter of Leesburg. Section 107 provides: "that the assessments and levies of taxes as made and entered upon the assessment rolls of the City of Leesburg for the years 1934 to 1940, inclusive, are severally hereby legalized, ratified and confirmed." Counsel for respondent contend that the title of Chapter 21350, *supra,* is not broad enough to embrace the subject matter recited in Section 107, *supra*. We cannot agree to this contention. It is our conclusion that the challenged order which dismissed the bill of complaint as to described property and named defendants for each of the years 1927, 1928, 1932, 1933, 1934, 1935, 1936, 1937, and 1938, was erroneous.

The interlocutory writ of certiorari is hereby granted and the challenged order of dismissal quashed, with directions for further proceedings in the court below not inconsistent with this opinion.

554

It is so ordered.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.