**HUGH RICHMOND v. TOWN OF LARGO, a municipal corporation, et al.**

19 So. (2nd) 791          June Term, 1944
November 24, 1944          En Banc

*Giles J. Patterson,* for appellant.

*George L. Brown* for Town of Largo, *Alfred P. Marshall* for Harold M. Esmay, *Harold L. Thompson* and *S. Whitehurst's Sons,* for Barnard Kilgore, appellees.

TERRELL, J.:

Appellant is the owner of past due bonds and coupons issued by the City of Largo as created by Chapters 10760 and 10761, Acts of 1925. He filed his amended bill of complaint to secure a declaratory decree against the City adjudicating his right to enforce payment of said bonds and coupons. This appeal is from an order dismissing the amended bill of complaint.

The Town of Largo was incorporated under Chapter 6715, Acts of 1913. Chapters 10760 and 10761, Acts of 1925, changed its name to the City of Largo and many times enlarged its area. The latter acts were held void and unconstitutional in State ex rel. Davis v. City of Largo, 110 Fla. 21, 149 So. 420, but none of the City's bondholders were parties to that litigation. Before the institution of the last named suit (a quo warranto proceeding) the City of Largo had promulgated three bond issues, one of which was validated by Chapter 11588, Extraordinary Session of 1925, one by Chapter 12995, Acts of 1927, and the third by decree of

the Circuit Court of Pinellas County. Appellant's bonds derive from all three issues.

After the decision of this Court in State ex rel. Davis v. City of Largo, the Town of Largo reorganized under its former charter, Chapter 6715, Acts of 1913, and has continued to function as such. The instant suit was brought against the Town of Largo and seeks an adjudication to the effect that the City of Largo as it existed under Chapters 10760 and 10761 still exists as a de facto corporation for the purpose of paying its debts and that complainant is entitled to a judgment against the said City requiring it to levy a tax against all taxable property within the de facto city to service the bonds and coupons issued by it. State ex rel. Fidelity Life Ass'n. v. City of Cedar Keys, et al., 122 Fla. 454, 165 So. 672, is relied on to support this contention.

It is not disputed that the acts creating the City of Largo were held void and that the City was ousted from the enlarged area on the theory that the lands so brought into it were not contiguous, or were agricultural, wild, unoccupied, and unimproved lands, or were for other reasons totally unsuited for municipal purposes. That while it might be possible to benefit a small portion of said lands by municipal improvements, the most of them are not urban in character but are remote from the business part of the city and are suitable only for farms, groves and gardens. It is further not denied that the bonds in question were issued and sold before the acts creating the City of Largo were declared void, that a large portion of the proceeds of the bonds were used to construct streets, water works, and other public improvements outside the Town of Largo but within the City of Largo and that the Town of Largo cannot impose a tax sufficient to service said bonds and coupons, the amount of which is not in dispute.

Under this state of facts, the question for decision is whether appellant is entitled to a tax levy against the properties within the Town of Largo as created by Chapter 6715, Acts of 1913, or against the properties within the de facto City of Largo as created by Chapters 10760 and 10761, Acts of 1925, to service his bonds and coupons.

Appellant contends that he is entitled to a tax levy against the taxable properties within the City of Largo as a de facto corporation because his contract was with the city, that there is no theory under which a part of the property of the City should be relieved of paying its obligations while other portions of it should be required to do so, that Section Eight, Article VIII of the Constitution of Florida prohibits the Legislature from abolishing a municipality without making provision for paying its debts, that appellant purchased its bonds in reliance on the acts of the Legislature of Florida and Section 8, Article VIII of its Constitution and that his claim against the City is concluded by State, ex rel. Fidelity Life Association's v. City of Cedar Keys, et al., supra.

As against the contention of appellant, appellee contends that since the bill of complaint was brought by appellant as complainant, a judgment creditor of the Town of Largo, based on bonds issued by the City of Largo, and seeks to impose a liability on all the property of the City, it must be good against (1) laches, (2) it must show that the issues raised were settled in favor of the pleader in State, ex rel. Davis v. City of Largo, supra, and (3) it is insufficient in that it does not allege benefits to any specific properties within the City.

Chapters 10760 and 10761, Acts of 1925, were held unconstitutional and void in State, ex rel. Davis v. City of Largo, and the City was ousted as to certain lands therein described on the theory that said lands were separated from the City by navigable waters or were wild, unoccupied, unimproved, and for such reasons were not susceptible to municipal improvement. There is no basis on which lands can be brought into a municipality when they are not amenable to municipal benefits and this Court has frequently relieved against taxes for municipal purposes when this is the case. City of Sarasota v. Skillin, et al., 130 Fla. 724, 178 So. 837.

It necessarily follows that under State ex rel. Davis v. City of Largo, the lands brought into the City by Chapters 10760 and 10761 were in the main never legally a part of the City. The record discloses that a portion of the proceeds of the bonds in question was used to pave streets in private

subdivisions and that some land owners requested that they be brought into the City. It is not clear whether these subdivisions were in the Town of Largo or the City of Largo or to what extent they were in either but the use of the bonds proceeds for that purpose was without legal authority. It may be that the lands benefitted by this expenditure should be required to bear their portion of the burden but there is no reason to require those who were never legally within the City and who received no benefits and whose lands were not reasonably susceptible to benefits to bear any part of this burden.

But appellant contends that State, ex rel. Fidelity Life Association v. City of Cedar Keys, et al., supra, conclusively upholds the contention that he is entitled to a tax levy against all the taxable property within the City of Largo to service his bonds and coupons. State, ex rel. Fidelity Life Ass'n. v. City of Cedar Keys, was disposed of on the theory that there was a de facto corporation that survived the abolished de jure one which was responsible for and could be required to pay the debts of the abolished de jure corporation, no provision having been made to pay them. In other words, there was no question about the existence of a de jure corporation in that case, that it was abolished and that it was succeeded by a de facto corporation for the purpose of preserving the inviolability of its contracts.

The elements of a de facto corporation are (1) a law or charter authorizing such a corporation, (2) an attempt in good faith to comply with the law authorizing its incorporation, and (3) unintentional omission of essential requirements of the law or charter, and (4) exercise in good faith of corporate functions under the law or charter. In this case, it is shown that in the enactment of Chapters 10760 and 10761, the Legislature transcended or abused the power vested in it, in that it attempted to bring into the City a large area of lands that had no place there because they were not then shown to be reasonably susceptible to municipal improvement. There was for this reason no charter authorizing the incorporation of the City and being so, the element of good faith is absent in its proceedings. It would have

been just as legal to have attempted to annex the District of Columbia or the Garden of Eden to the Town of Largo, and charge them with its obligations.

As to lands devoid of this test, there was no authority for issuing the bonds in question and they were void from their inception. The fact that such bonds have gone into the hands of appellant is unfortunate but he cannot claim to be an innocent purchaser as against such lands. Where the power to issue the bonds was lacking, no one can benefit by the claim of innocent purchaser. Validating decrees and acts of the Legislature attempting to validate bonds are limited by the law which authorizes them and if there is no legal basis for the act or the decree, it is without effect. As to lands not reasonably susceptible to municipal benefits at the time, the bonds in question were a nullity and any attempt to validate them was likewise a nullity.

In this holding, we do not overlook appellant's contention that he relied on the acts of the Legislature and the conduct of the City of Largo pursuant thereto. This contention presents an unfortunate situation but it is fully answered in Nuveen & Co. v. City of Quincy, 115 Fla. 510, 156 So. 153, werein we held that the purchaser of municipal bonds which have not been adjudicated valid takes them subject to any subsequent adjudication as to validity of the statute purporting to authorize the bonds, the sufficiency of proceedings resulting in their issue, and the legal effect of the terms of the bonds. See also State, ex rel., Root v. Graden, et al., 115 Fla. 153, 155 So. 667. The purchasers of securities that have not passed these tests cannot rely on the folly of the municipality or that of the Legislature to correct his mistake.

Likewise we are convinced by this reasoning that Section 8, Article VIII of the Constitution cannot aid complainant's contention. This provision of the Constitution has to do with the abolition of municipal corporations that have been legally constituted or where there was ample basis to hold that a de facto corporation survived the de jure one for the purpose of paying its debts. A de facto corporation is strictly a judicial creation designed to conserve contract rights as conditions warrant. It could under no circumstances be

construed as forcing property into a municipal corporation that has no relation to municipal benefits and require the owners of such property to bear the burdens of the municipality.

In this we do not overlook the contention of appellant that the property owners never objected to being brought into the City or to the issuance and expenditure of the bonds. The answer to this contention is that the duty was on the Legislature to observe the limitation of its power. It was not authorized to pass acts bringing into a municipality lands that were not reasonably susceptible to benefits thereby and, in this case, some of which were cut off from the City by navigable waters over which there was no way of ingress or egress. Some of them were so remote that the owners did not know they were in the City until the tax collector came around.

Nor do we think there is any substance to the contention that this Court had never defined any limitation to the plenary power of the Legislature to create municipal corporations as authorized by Section 8, Article VIII of the Constitution. No legislative body is warranted in acting on the theory that the sky is the periphery of its power when dealing with constitutional prescriptions. Every constitutional guaranty is immunized from abuse by reason and justice, but so far as we know, they are never invoked until the guaranty is abused. When confronted with the proposition of creating a municipality, the Legislature is bound by the test of whether or not the lands included were at the time reasonably susceptible to municipal development. The courts cannot speak on this point until a case involving it is presented to them. It is hardly necesary to say that constitutional limitations are defined in any other manner. Under our system of law, one cannot generally raise constitutional objections before his personal or property rights are adversely affected.

So after all, it is shown that the Legislature abused a power that it was under oath to observe and the municipality went the Legislature one better in the abuse of the power with which it was clothed. Appellant and some land owners were the victims of this abuse.

The facts present a situation where asserted organic rights of bondholders conflict with organic rights of property owners to resist alleged illegal or unjust taxation to pay municipal bonds and the question is: which party has the better claim to protection? Appellant contends that in equity and good conscience he should not be made the victim of this abuse because the land owners stood by and raised no objection to being brought into the City until after he purchased the bonds and the money was spent. Appellees counter with the proposition that the judgment of ouster in State ex rel. Davis v. City of Largo supra, has clearly established their status as property owners who may not be taxed for the bonds.

The effect of the judgment of ouster in the quo warranto procedings was to adjudge that such an abuse of legislative power had been exercised in annexing great areas of rural lands to a small municipality as to require the striking down of the act on this ground; it was not an adjudication that there were no lands in the areas covered by the ouster judgment that were not susceptible to municipal benefits for which they might be taxed for bond obligations incurred by the City while the lands were by a prima facie presumptively valid statute annexed to the municipality. From the showing made by appellant, it is evident that a large part of the bond money was spent for improvements inside the City but without the limits of the Town of Largo.

It appears that appellant has secured a judgment against the Town of Largo in the Federal Court, 109 Fed. (2nd) 740, the satisfaction of which by tax levy against the Town property only is resisted on the ground that the appraised value of such property is not equal to the amounts claimed by the outstanding bond issue, of which apellants' bonds are a part, together with accrued interest. There can be no question but that appellant is entitled to a tax levy against the Town to satisfy his judgment. In addition to a tax levy against the Town to pay his judgment, we think that the property outside the Town but within the City is also liable prima facie for the payment of the debt. Of course there may be some of the landowners who were illegally brought into the City

who may have a case for relief equally as strong as appellant's. If such there are, they have remedy by injunction against the tax officials when levy and collection of taxes is attempted. See City of Sarasota v. Skillen, et al., 130 Fla. 724, 178 So. 837. In such proceedings brought by a property owner claiming relief we assume, but do not decide, that as against him the bond holder would be in equity entitled to a tax levy against those properties outside the Town but within the City as were benefited or were reasonably susceptible to benefits by the inclusion of the same within the City limits and by the expansion program for which the bond funds were to be expended. In determining what lands would be included in this class the trial court would doubtless be guided by conditions existing during the period of the incorporation of the City of Largo and the expenditure of the bond proceeds rather than by conditions shown to exist at a prior or subsequent time. And if it were found on such proceedings that lands without the Town but within the City of Largo were benefiited or were reasonably susceptible to benefits as measured by that yardstick, the court would undoubtedly deny parties invoking the remedy the relief sought and would require such lands to be assessed upon a just and uniform basis for their proportionate share of the debt, in conformance with constitutional principles.

To the extent that lands outside the Town but within the City of Largo should bear their proportionate share of the debt, in accordance with views herein expressed, the de facto corporation rule may be invoked and the officials of the present Town of Largo may levy and collect taxes for the retirement of the obligation, not only against property in the Town but also in the outlying territory of the original City in conformity with the rule enunciated in the Skillen case.

Affirmed in part. Reversed in part.

CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

BUFORD, C. J. dissents in part.

BROWN, J., dissents.

BUFORD, C. J., dissenting in part:

I think the Acts, Chapter 10760 and Chapter 10761, Acts of 1925, were void ab initio as decided in State ex rel. Davis v. City of Largo, 110 Fla. 21, 149 So. 420. My opinion is that there is no authority to assess taxes on any property outside the original Town of Largo to produce money to pay the bonds.

BROWN, J., concurs.