ALLEN, Judge.
This is an appeal from a final decree in a suit for injunction and other relief. Sim H. Bell and a large number of other citizens of Orange County, Florida, brought suit against the Florida Power Corporation and the City of Ocoee to enjoin the collection of a utility tax imposed by defendant city, on the ground that plaintiffs’ properties had been excluded from the corporate limits of defendant city by judicial decrees.
The chancellor entered a decree favorable to the plaintiffs, and the defendant city appealed to this court.
The appellees, plaintiffs below, lived on properties which were originally within the corporate limits of the City of Ocoee. Twenty or more years prior to the imposition of the taxes by the city, the properties of the appellees were excluded from the corporate limits of Ocoee by judicial decree under Florida Statutes, which now appear as Section 171.02, Fla.Stat.19S7, F.S.A. The tax imposed by the city, if applicable to these appellees, was under the authority of Section 167.431, Fla.Stat.1957, F.S.A., which permits such a tax by municipalities upon purchase of electricity or certain other utilities “in their corporate limits.” The ordinance which set up such tax in the City of Ocoee provided that it be collected by Florida Power Corporation upon every purchase of electricity within the “geographic boundaries” of the City of Ocoee.
Basically, the appellant’s sole argument is that the judicial decrees which excluded plaintiffs’ lands from defendant’s corporate limits, did not actually change such limits so that such land is still subject to the tax permitted by Section 167.431, supra.
The appendix for the appellees contains several of the judgments entered by the Circuit Court of Orange County excluding the lands herein involved from the corporate limits of the City of Ocoee. One final judgment appearing on page 7 of said appendix provides:
“ * * * and the Court after hearing the witnesses for the petitioners and finding as a fact that the City of Ocoee contains less than one hundred and fifty qualified electors and that owing to extent of territory the lands and premises hereinafter set out are from distance and the character of the said lands and premises and the purposes for which they are used, virtually and commensurately excluded from the benefits of the municipal organiza *768 tion of the City of Ocoee, and that therefore the said lands and premises should be excluded from the corporate limits of the City of Ocoee, and the Court being advised in the premises:
“It is ordered and adjudged that the following described lands and premises to-wit: * * * be and the same hereby are forever excluded from the corporate limits of the City of Ocoee.
“It is further ordered and adjudged that the said lands and premises shall be, and they hereby are, forever released from all debts, duties or liabilities of the said City of Ocoee.”
The practical effect of the above judgment was to take the properties involved in the suit from the boundaries of the City of Ocoee as to any future taxes assessed to meet future obligations of the city; the city government of Ocoee had no authority or jurisdiction over said lands as regards the tax here involved. The decision of the Florida Supreme Court with reference to the power of a city to tax lands excluded from such city by judicial decree is, primarily, that the city may assess for payment of debt service which had accrued prior to the exclusion decree. See City of Winter Haven v. A. M. Klemm & Son, 1938, 132 Fla. 334, 181 So. 153; Certain Lands, etc. v. Town of Lake Placid, Fla., 1950, 49 So.2d 542, 543.
In Certain Lands, etc. v. Town of Lake Placid, supra, the Supreme Court of Florida said:
“This court is committed to the doctrine that notwithstanding lands have been ousted from the jurisdiction of a municipality, they are nevertheless subject to be taxed for debt service for bonds issued while said lands were apparently within the boundaries of the municipality. Such taxes are imposed on account of the de facto existence of the Town. Richmond v. Town of Largo, 155 Fla. 226, 19 So.2d 791; City of Leesburg v. Certain Lands, 154 Fla. 550, 18 So.2d 676; Henderson v. Town of Lake Placid, 132 Fla. 190, 181 So. 177.”
Finding no error in the decree appealed from, we affirm the lower court.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.