QUESTION: May a municipal corporation impose a utility tax on water and sewer service furnished to users residing outside of municipal limits?
SUMMARY: Municipal corporations are not authorized to impose utility taxes on any sewer service, or for water furnished to users residing outside of municipal limits. The point of sale for metered service, unless otherwise explicitly agreed, is the meter itself. Thus, if the meter is outside the corporate limits, there can be no tax imposed under s. 166.231, F.S. As amplified in the following discussion, your question is answered in the negative. Before responding to the above question, I must note that a municipality is without authority to levy a utility tax on any sewer service regardless of the location of the user in relation to municipal territorial limitations and notwithstanding any special act to the contrary. Attorney General Opinion 074-379. Section 166.231(1), F.S., provides that: "A municipality may levy a tax on the purchase of . . . water service . . . . The tax shall be only upon purchases within the municipality . . . ." The question thus becomes, as you point out in your letter, whether the purchase is considered as occurring within or without the corporate limits. There is a lack of direct authority on this point, but it is my opinion that the purchase of water service takes place when the water passes through the metering device used to compute usage. Section 672.106(1), F.S., states that "a `sale' consists in the passing of title from the seller to the buyer for a price." Section 672.401(2), F.S., states that: "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods . . . ." Regulation 25-10.15(8), Florida Administrative Code, specifies that the "point of delivery" for metered service shall be the outlet connection of the meter. This regulation is not binding upon government-operated water facilities, but it is indicative of the notion that a consumer will take delivery of, and agree to purchase, only the water passing through a meter into his home or business. In City of Ocoee v. Bell, 108 So.2d 766 (2 D.C.A. Fla., 1959), where the applicability of the tax under the predecessor to s. 166.231, F.S., was in issue, the court held that electricity service outside the corporate limits was not subject to taxation. The court did not specifically talk about "point of sale," but the intent to tax only residences within the corporate limits was evident. Finally, it is my opinion that to give any other interpretation to the statute would render meaningless the phrase "the tax shall be only upon purchases within the municipality." The Legislature gives authority in s. 180.191, F.S., to furnish service outside municipal limits, but the city is restricted, under s. 166.231, F.S., to taxing only sales taking place inside municipal limits.