WALDEN, Judge.
This is a suit for declaratory judgment plus affirmative relief. Following trial, the action was terminated by two decisions which are the subject of this appeal. An order of abatement for insufficiency of process was entered as to the primary defendant, Town of Bithlo. Secondly, a final judgment was entered against the plaintiff and in favor of the individual defendants. This judgment was naked — without findings or stated reasons (none are required and this mention is made only because of the difficulty, on appeal, of assessing the correctness of the decision). As best we can determine from the record and appellate advices, the judgment was based on the fact that the individual defendants had much earlier had their lands excluded from the Town of Bithlo by judgment of ouster.
The facts in this case are so unique and complicated that we shall omit their recital as we feel that the issues and our decision will be without precedential value.
We address the plaintiff’s appellate points:
I. The court erred in entering an order of abatement as to Town of Bithlo, Florida, and final judgment as to all other defendants after the court on its own motion found the case was at issue and set the case for trial, and tried the entire case on its merits for two days.
It is our view that no error was committed. This was a matter within the trial court’s power and discretion. F.R.Civ.P. 1.070(d).
II. The court erred in entering its order of abatement that this action be abated until proper service has been made upon the Town of Bithlo, a municipal corporation.
The underlying basic issue involved here is the validity of service upon the Town of Bithlo. It is our opinion that service was valid via Fla.Stat. § 48.111(3) (1973) and Fla.Stat. § 49.021 (1973). Thus the action should not have been abated for lack of service and the trial court was in error in ordering an abatement as to Bithlo.
III. The court erred in failing to grant plaintiff’s motion for a directed verdict after defendants rested and in failing to enter^ar'final judgment in favor of the plaintiff and against defendants, The Town of Bithlo and H. F. Dietrich and Florence Dietrich, his wife.
No error demonstrated.
IV. The court erred in granting the individual defendants a final judgment that their land which had been excluded from the corporate limit of the town by ouster or exclusion judgments, were not to be assessed or taxed for payment of bond debt service (later reduced to judgment) which accrued prior to exclusion judgments.
The trial court erred. The bondholders were not parties to the judgments of ouster *214 and, hence, such judgments are not a bar to the plaintiff’s claim. See, City of Ocoee v. Bell, 108 So.2d 766 (2d DCA Fla.1959); Richmond v. Town of Largo, 155 Fla.226, 19 So.2d 791 (1944).
In view of our determination of the issues presented we feel that the cause must be remanded for a new trial consistent herewith.
Reversed and remanded.
OWEN, C. J., and KAPNER, LEWIS, Associate Judge, concur.