344 So.2d 1288 (1977)
Glen E. SMITH, As Trustee, Appellant,
v.
The TOWN OF BITHLO, Florida, a Municipal Corporation Organized and Existing under the Laws of the State of Florida, et al., Appellees.
No. 76-808.
District Court of Appeal of Florida, Fourth District.
April 7, 1977.
Rehearing Denied May 17, 1977.
Byrd V. Duke, Jr., North Miami, for appellant.
Johnie A. McLeod, Apopka, for appellees.
PER CURIAM.
This matter was previously before the court in Smith v. Bithlo, 314 So.2d 212 (Fla. 4th DCA 1975). The case was then remanded for a new trial. After retrial, a final judgment was entered in favor of the individual defendants and the action was abated as to the Town of Bithlo. This appeal followed.
As stated in our first opinion, the facts in this case are so unique and complicated as to be without precedential value. We therefore omit their recital.
The trial court found that the Town of Bithlo owed the entire amount of plaintiff's judgment and had a legal duty to plaintiff to levy and collect the necessary taxes to pay the judgment. However, the trial court further held that the individual defendants had proven the affirmative defense of laches.
The law is clear that lapse of time alone is insufficient to support a finding of *1289 laches. The test in determining whether laches exists is whether the delay has resulted in injury, embarrassment, or disadvantage to any person, and particularly to the person against whom the relief is sought. Furthermore, laches is an affirmative defense. As such, the burden of proving it is on those who assert it, and it must be proved by very clear and positive evidence. Van Meter v. Kelsey, 91 So.2d 327 (Fla. 1956); Bethea v. Langford, 45 So.2d 496 (Fla. 1949).
Although the lapse of time between the original judgment and the filing of the present suit is sufficient for laches, the defendants have failed to prove by clear and positive evidence that the delay resulted in injury, embarrassment, or disadvantage to them. The evidence is insufficient to support the trial court's conclusion that the doctrine of laches applies.
Alternatively, the trial court held, that even if laches had not been proven, relief could not be granted to the plaintiff because there were no qualified persons in the Town of Bithlo who were willing to perform any governmental function whatever connected with the municipality. Apparently for this reason the action against the Town of Bithlo was abated. At oral argument, plaintiff's counsel informed us that there are now persons willing to serve. Upon remand the trial court may determine the qualifications of these persons and make the necessary appointments.
REVERSED and REMANDED for further proceedings consistent with this opinion.
MAGER, C.J., and ALDERMAN, J., concur.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part:
The only issue raised in regard to the individual appellees, B.C. Dodd, H.F. Dietrich, and Florence Dietrich, his wife, was the effect of a previous judgment of ouster excluding their lands from the town of Bithlo. The trial court properly recognized that the ouster did not affect the rights of the appellant in accordance with this court's previous decision in this case. There being no other issues tried between these parties, I would reverse any provisions of the final judgment deciding any other issues, including the issue with reference to laches.
The trial court abated any action against the town of Bithlo on the grounds that there were no persons available to serve as town officials who in turn could be compelled to levy taxes to raise the funds to pay off the appellant's judgment against the town. It is apparent that the town of Bithlo is an inactive municipality as contemplated by Section 165.052, Florida Statutes (1975). Section 165.052(3) provides for a method of levying taxes to pay the debts of inactive municipalities. However, before such taxes can be levied the Secretary of State must declare the town to be an inactive municipality; and certain notices must be published. I would reverse the judgment of the trial court with directions that the action be abated against the town of Bithlo until such time as the appellant can make a proper showing that he is entitled to relief under Section 165.052.