ON MOTION FOR REHEARING
SHARP, Judge.
The motion for rehearing is granted because this court overlooked the fact, due to the voluminous record in this case and the inadequacy of the briefs, that the City of Bithlo was never defaulted in the prior litigation, and therefore the substituted party, Orange County, should not be foreclosed from raising the defense of laches.
The appellee filed suit in 1956 to recover the principal and interest due on improvement bonds issued by the City of Bithlo in 1924, and obtained a judgment. No action was taken to recover on the judgment until 1973, when suit was filed against Bithlo in case number 73-7910. This suit against Bithlo was “abated” for insufficiency of process. On appeal this judgment was reversed on other grounds.[1] After remand the trial court said Bithlo could'not raise the defense of laches because it was “in default,” although apparently no default was ever obtained against Bithlo. The trial court then abated the action as to Bithlo because there were no qualified persons who were willing to perform any governmental function connected with Bithlo. This judgment was also appealed.
While the appeal was pending the appellant brought suit for mandamus in an effort to compel Bithlo to levy taxes to pay the judgment. The trial court abated that suit until the appellate court rendered its decision in the case on appeal.
The appellate court was informed that there were persons willing to serve on behalf of Bithlo. It stated that upon remand the trial court could determine the qualifications of these people and make the neces *1159 sary appointments to represent the City of Bithlo.[2] There is no evidence in the record before us that anyone was ever so appointed or that this action was ever revived.
The lower court ordered that the mandamus suit and the earlier suit travel together as companion cases. Orange County was substituted as Bithlo’s “alter ego”[3] and for the first time it sought to raise the defense of laches on behalf of Bithlo. The trial court held Orange County was barred from raising this defense, and that is the issue presented on this appeal.
Bithlo and Orange County never had an opportunity to raise the defense of laches in either suit. During this litigation Bithlo had ceased to function and to exist for all practical purposes, and there were no people or agents to represent it. Both the trial and appellate courts recognized this fact. Bithlo was analogous to an incompetent for whom no guardian had been appointed or a deceased person for whom no personal representative existed. Under these circumstances it would be inequitable to bar Orange County from raising this defense even if the doctrine of res judicata or collateral estoppel applied, de Cancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla.1973). However, since Bithlo was never actually defaulted, and both actions were “abated” as to it, res judicata should not apply in any event. Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla.3d DCA), cert. denied 379 So.2d 203 (1979); Donaldson Engineering, Inc. v. City of Plantation, 326 So.2d 209 (Fla. 4th DCA 1976). The summary judgment appealed is reversed in so far as it forecloses the right of Orange County to plead and attempt to prove the defense of laches. This matter is remanded to the trial court to permit the appellants to file an answer and any affirmative defenses available to it.
REVERSED and REMANDED.
DAUKSCH, C. J., and COBB, J., concur.

. Smith v. Bithlo, 314 So.2d 212 (Fla.3d DCA 1975).

. Smith v. Bithlo, 344 So.2d 1288 (Fla. 4th DCA 1977).

. Ch. 77-502, Laws of Florida.